## WALTER W. LYON, AND MARGARET LYON, HIS WIFE *v.* S. HANCOCK.

EVIDENCE IN ACTION FOR PUNITIVE DAMAGES.—In an action where punitive damages are claimed, on the ground of malice, either party is entitled to prove any facts or circumstances which tend in the slighest degree either to show malice or to rebut the presumption of malice.

IDEM.—In such case no fact or circumstance should be excluded unless the Court

is satisfied to a moral certainty that the jury can draw no rational presumption from it.

Existence of Malice.—If one person arrests another for the commission of a crime, under the belief that the person arrested has committed the crime, the person making the arrest cannot be said to act maliciously, although he may act unlawfully.

Relevant Testimony in Action for Malicious Arrest of Plaintiff's Wife.— In an action by husband and wife for the illegal and malicious arrest of the latter by the defendant, for a supposed criminal offense committed upon his property, and of the commission of which by the wife there is circumstantial evidence only, it is competent for the defendant to prove threats and ill will on the part of the husband against him, as tending to prove that the wife committed the offense for which the defendant arrested her, and to rebut the charge of malice on his part.

Appeal from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiffs were husband and wife, and complained that on the 3d day of October, 1866, the defendant assaulted and beat the wife, and restrained her of her liberty by arresting her and taking her to prison, for some alleged offense, in the City of San Francisco. Plaintiffs claimed five thousand dollars damages. Defendant answered that on the day named, while he was sitting at a window in his house, on Mission street, the plaintiff Margaret, who was passing, violently threw a piece of brick through the window at him and his child; and that he thereupon, quietly and gently, arrested her and conveyed her to the police office.

On the trial the defendant, on cross examination, asked plaintiff Margaret if she heard her husband make threats against the defendant. The Court, on plaintiffs' objection, ruled out the testimony. The defendant was called as a witness on his own behalf, and his attorney asked him if he ever had any difficulty with or heard any threats from Lyon prior to October third. The Court, on the objection of plaintiffs' attorney, ruled out the testimony. The plaintiffs did not prove any special damages. The jury found a verdict for the plaintiffs for eleven hundred dollars, for which judgment was rendered. The defendant appealed.

The other facts are stated in the opinion of the Court.

*Bennett & Owen,* for Appellant.

In such a case damages should be compensatory only. (Sedg. on Meas. of Dam. 556, 3d ed.) No special damages were proved in this case. The damages assessed are manifestly vindictive and excessive, and were doubtless found under a prejudice in the minds of the jury in favor of the plaintiff, from the fact of her being a woman.

While it is admitted that Courts are not ordinarily disposed to disturb the verdict of a jury in such cases, yet where a manifest wrong has been done a defendant by the imposition of excessive damages, for an act committed by him under an honest belief that he was not only justified but that it was his duty to do so, the Court will interfere and set aside the verdict. (Sedg. on Meas. of Dam. 546, 547.)

The Court erred in excluding evidence offered by the defendant to show threats of the plaintiff Walter W. Lyon, made in the presence of his wife, the plaintiff Margaret, against the defendant, to "whip him," to "be revenged on him," to "get even on him," etc. In such a case the inquiry whether the plaintiff had a motive to perpetrate the offense becomes essential and material. Every fact tending to show that the plaintiff Margaret had a motive to throw the brickbat, ought to have been permitted to be shown to the jury, to enable them to come to a correct conclusion as to the criminating fact. The threats of her husband, made in her presence, constituted such a fact. Again, this testimony ought to have been admitted to throw light upon the motives of the defendant at the time of the commission of the acts complained of. (*Dorsey* v. *Manlove,* 14 Cal. 555.)

Again, in an action of trespass for false imprisonment against an individual, it has been held that evidence of reasonable suspicion of the plaintiff's having been guilty of a felony, was properly received in evidence in reduction of damages. (3 Phil. Ev., by Cowen & Hill, 5th ed. 518.) So the threats of Lyon ought to have been received as evidence of the grounds of reasonable suspicion on the part of

Hancock that Mrs. Lyon, under the circumstances, was the person who threw the missile, in reduction of damages. Certainly the testimony proposed to be given by Hancock should have been admitted on this ground. This question is as follows: "Did you ever have any difficulty or trouble with or hear any threats from Mr. Lyon prior to October third?"

Plaintiff objected to the testimony; the objection was sustained, and the defendant excepted. We respectfully submit that Hancock, the defendant, should have been permitted to state, at least for the purpose of showing that he had grounds of suspicion and did not act wantonly, and therefore, in mitigation of damages, that he had heard Lyon make threats against him. (Cowen & Hill's Notes to 1 Phil. Ev., 4th ed. p. 739.)

*Porter & Holladay,* for Respondents.

"A private person may arrest another: First, for a public offense, committed or attempted in his presence." (Hittell's Dig., Art. 1,728; Crim. Pr. Act, Sec. 140.) Calling the act a public offense, it cannot be said to have been done in defendant's presence, when he has to go about the streets to inquire who committed it.

Defendant seeks a reversal of this judgment on two grounds: first, for alleged errors of law occuring at the trial; and second, that the verdict was excessive. The alleged errors consist in the refusal of the Court to allow defendant to prove that, prior to the arrest, Mr. Lyon had made threats, in presence of Mrs. Lyon, against the defendant. We maintain that there was no error in this, for the reasons: first, supposing the threats had been proved, they did not justify or excuse Hancock in his assault and abuse of Lyon's wife; and second, supposing it to be an established fact that Mrs. Lyon broke the window, yet it was not in the presence of defendent, for the damage was completely done, if she did it at all, and defendant had no right to season his personal wrongs with a flavor of public justice.

By the Court, SANDERSON, J.:

Where in actions of this character the plaintiff claims punitive damages, the motives of the defendant become a most material subject of inquiry. To such an inquiry, from the necessity of the case, a wide range should be allowed to both sides. Malice, like fraud, is generally to be inferred from facts and circumstances. Hence the plaintiff is entitled to prove any facts or circumstances which tend, even in the slightest degree, to show malice on the part of the defendant. For the same reason, the defendant is entitled to prove any facts and circumstances which tend, in the slightest degree, to show a contrary motive. No fact or circumstance can, therefore, be properly excluded from the jury, unless the Court is satisfied to a moral certainty that the jury can draw no rational presumption from it.

The defendant claimed that in arresting Mrs. Lyon he acted under a belief that she had cast the brickbat, and was, therefore, guilty of a public offense. If she cast the brickbat, and cast it with intent not to injure the person of the defendant, but merely to break his window, she was guilty of a public offense. (Act concerning crimes and punishments, Sec. 138.) If the defendant believed she had committed the act, and arrested her under that belief, it can hardly be pretended that he acted maliciously, although it should be considered that he acted unlawfully.

To ascertain the truth of facts in the absence of mathematical or absolute certainty, is to count opposing probabilities and determine upon which side lies the superior number. In computing the number, no rational probability on either side should be rejected. It matters not how trivial or unimportant it may seem when standing by itself, for when placed by the side of other probabilities, it may from relation become significant. Besides, under the head of relevancy, the question is not as to the weight of the evidence, but whether it tends at all to illustrate the issue.

The presence of Mrs. Lyon in the street, and the absence of all other persons by whom the act might have been committed, were strong probabilities that the brickbat was cast by her. Taken in connection, does the fact, if such was the fact, that her husband entertained towards defendant feelings of hostility, and had in her presence made threats against him, constitute another probability against her? Would she have been less likely to have cast the brickbat had the relalationship between her husband and the defendant been friendly? Or, in other words, guided by our observation and experience of the motives and relations by which human action is ordinarily influenced, can we affirm to a moral certainty that Mrs. Lyon could not have been influenced by the unfriendly relations existing between her husband and the defendant? It certainly is not contrary to human experience to find a unity of feeling and action accompanying the family relation. Feuds descend from father to son. An injury to one is an injury to all. The honor of one is the honor of all. It certainly is not contrary to human experience for the wife to sympathize with her husband, to share his feelings, to look upon his enemies and friends as hers also. Such are the teachings of our instincts and of our observation and experience.

Suppose, upon coming to the street, the defendant had found two women, instead of one, of equal respectability and character, one of whom must have cast the brickbat, one the wife of his friend, the other of his enemy; would not the friendship of the one and the enmity of the other constitute probabilities to be taken into account in determining which perpetrated the act? Other probabilities being equal, as we have supposed, no one would hesitate to say that the act had been committed by the wife of the defendant's enemy, and not by the wife of his friend.

We think the testimony offered by the defendant was improperly rejected.

Judgment and order reversed and new trial granted.

CROCKETT, J., concurring :

I concur in the judgment and in the reasoning of the foregoing opinion in respect to the admissibility of the evidence which was rejected ; but, to avoid misapprehension, it may be proper to state, that though the plaintiffs themselves testified to the ill feeling of the husband toward the defendant, there was no proof to show that the defendant, when he arrested Mrs. Lyon, was aware that her husband cherished an inimical feeling toward him, or had made any threats against him ; and he should have been allowed to testify to his knowledge or information on that point, as a circumstance tending to show that he had reasonable ground to suspect that she was the person who had thrown the missile through the window, and hence that he was not actuated by malice in making the arrest.