# JOHN M. SKIDMORE

## *v.*

# ANNABEL BRICKER.

1. EVIDENCE—*malicious prosecution—character of plaintiff.* In an action for malicious prosecution, for having the plaintiff arrested for a riot, upon a complaint made by the defendant upon his own knowledge, and not upon information and belief, it is error to permit the plaintiff to prove her character for peace and quiet. If the charge on which she was arrested had been on information and belief, such testimony would be admissible, as having a bearing upon the question whether the defendant believed the charge to be true.

2. MALICIOUS PROSECUTION—*advice of attorney as bearing on question of good faith.* Where a person, before commencing a criminal prosecution, in good faith consults a respectable attorney, and makes to him a full and fair statement of all the facts, and acts on his advice, this affords strong evidence that there was probable cause, and that the prosecutor acted in good faith and without malice. In such a case, strong evidence is required that he did not believe there was probable cause, in order to make him liable.

3. SAME—*record of acquittal not admissible in evidence.* On the trial of an action for malicious prosecution, it is error for the court to admit in evidence, for the plaintiff, the record of the plaintiff's acquittal of the criminal charge, as the question of his guilt or innocence is not material, the real question being whether the prosecutor had probable cause for believing him guilty.

4. SAME—*motives of the plaintiff, unless known to the prosecutor, not material.* In a suit against one for a malicious prosecution, growing out of a prosecution of the plaintiff and others for a riot, it is not proper to inquire into the motives of the plaintiff in being present, and the part taken by him in the affair for which he was arrested, unless the prosecutor knew of the same before he commenced the prosecution.

5. FORMER CONVICTION—*as a bar to a second prosecution.* The prosecution and fining of two of three persons for an assault and battery, is no bar to a prosecution against them all for a riot growing out of the same transaction, as these are distinct offenses.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

This was an action on the case, by Annabel Bricker against John M. Skidmore. The opinion states the substance of the facts.

The third of appellant's instructions, referred to in the opinion of the court, was as follows:

"The court instructs the jury, for the defendant, that, if they believe, from the evidence in the case, that the defendant fully, fairly and truthfully stated all the facts and circumstances in relation to the alleged riot, to respectable counsel, and that such counsel advised him that he had reasonable cause to institute the criminal proceedings against this plaintiff, and the defendant, in good faith, acted upon such advice, then the plaintiff can not maintain this action, whether such advice was correct or not, and whether the defendant in the criminal prosecution was guilty or not, and the jury must find for the defendant."

The court below modified the same by adding the following words thereto: "If they believe, from the evidence, that the defendant stated fully, and fairly and truthfully all the facts connected with such alleged riot, and, in order to make that defense available against this plaintiff, the defendant must show that he truthfully, and fully and fairly stated all that this plaintiff did and said in connection with such alleged riot, which

was within his knowledge, and which was material to a full understanding of the case by his counsel."

Messrs. CREA & EWING, and Messrs. REED & BARRINGER, for the appellant.

Messrs. LODGE & HUSTON, and Mr. J. M. KERR, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action on the case, in the Piatt circuit court, against appellant. The first count was for a malicious prosecution and imprisonment. The second and third counts were for trespass to the person. the latter for imprisonment without any probable cause. Defendant filed a plea of the general issue, and it was agreed that all evidence might be introduced which would be admissible under proper pleas. A trial was had by the court and a jury, resulting in a verdict for plaintiff, with damages of $775. A motion for a new trial was entered, but it was overruled by the court, and a judgment was rendered on the verdict, and this record is brought to this court and errors assigned.

The prosecution out of which this action springs, was for a riot, and the prosecuting witness made complaint on his own knowledge, and not on information and belief, and it is urged the court below erred in permitting appellee to call witnesses to prove her character for peace and quiet. We are at a loss to see how that could tend in any manner to prove the issue. Had the charge been made on information and belief, then such evidence would have been proper, to enable the jury to determine whether the prosecuting witness had reasonable ground for entertaining the belief, in the face of her known good character.

Where a person has an unblemished character, and the prosecuting witness is aware of the fact, it necessarily requires.

more evidence to create a reasonable belief of guilt, than where the accused has a bad character; and in cases where the prosecution is based on belief. this character of evidence is proper for the purpose indicated, but the reason of the rule ceases when the charge is based on knowledge of the facts. This evidence should not, therefore, have been admitted.

It appears that the prosecuting witness saw the State's Attorney before he commenced the prosecution, and stated to him the occurrence and the facts, and was advised that the parties against whom the prosecution was commenced were, according to the statement, guilty of a riot, and that the prosecutor would incur no liability in making a complaint. Where a person thus situated, in good faith consults a respectable attorney, and makes to him a full and fair statement of all the facts, and acts on his advice, it is strong evidence that there was probable cause, and that the prosecutor acted in good faith and without malice. Where he has so acted, there should, to hold the prosecutor liable, be strong evidence that he did not believe there was probable cause for believing the accused guilty.

It is also urged, that the court below erred in permitting the record of acquittal on the charge of riot, in the county court, to be read in evidence by appellee. In this there was manifest error. The question in this case is not whether the accused was guilty or innocent, but whether the prosecuting witness had probable ground for believing the accused guilty. If the record of acquittal was permitted to be read in evidence on the trial of this class of cases, a recovery could, be had in almost every case of acquittal Such a practice would deter all men from thus endeavoring to enforce the criminal laws of the State. The prosecutor would be compelled to secure a conviction or respond in damages for a malicious prosecution. This is not, nor can it ever be held to be, the law. Far better abolish the action for malicious prosecution, than adopt such a rule. Under it. no one would dare to prosecute, who was able to respond in damages. We refer to *Corbly* v. *Wilson,*

71 Ill. ——, where the rule is announced that it is error to admit in evidence the record of acquittal.

In so far as the instructions contravene the views here expressed, they were wrong, and it was error to give them, as they, no doubt, misled the jury in their finding. Care should be taken that all instructions should be accurate, and state the law applicable to the case with precision. Without it the purpose for which they are given is seldom attained.

Several of the instructions for plaintiff below are introduced by a statement, that if they believe that she went to defendant's for the purpose of identifying the chickens, at the request of her father, and without intending to engage in a fight, and after the fight ensued between him and Carter she interfered to protect her father, etc. These instructions are unfair, as such facts may all have been true, and appellant not have known of them. Not knowing the purpose for which she came, he would, no doubt, view the part appellee took in the affair in a very different light from that in which he would have seen it, with the information. It was improper, in this case, to inquire what motives induced appellee to go there, unless they were known to appellant. She was not being tried for riot, nor whether she was guilty of a riot, but the question was, whether appellant, as a prudent man, from what he heard and saw, had reason to believe a riot was committed, and appellee was a party, guilty of participating in it. Her intentions, unknown to appellant, could not be considered, but only her acts and declarations at the time, as a basis of appellee's belief that he had probable ground for believing her guilty.

The third of appellant's instructions was correct, as asked. Nor does the addition do more than repeat the substance of the instruction as asked, and it only tended to incumber the record, and may have induced the jury to believe that there was something wrong in the instruction as asked.

Under the evidence in the case, we are of opinion that the court below should have given either the first or second of

appellant's refused instructions. They are, in substance, the same, and but one of them should have been given. The jury were liable to conclude that, because the father and mother had been fined for an assault and battery, there was not probable cause for appellant to commence the prosecution for a riot, and he had the right to have the jury informed that they were distinct offenses, and that a prosecution for assault and battery did not bar a proceeding against them for a riot.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*