## WINN VS. PECKHAM.

42 493
93 522
42 493
111 ⁴616

EVIDENCE IN MALICIOUS PROSECUTION. *(1) Proof that defendant was prosecuting witness. (3) By whom copy of justice's warrant on preliminary examination to be verified. (4) For what purpose judgment of acquittal admissible. (5) Proof of disposition of party; discretion of court. (6) Proof of defendant's pecuniary circumstances.*

AMENDMENT: REVERSAL: DAMAGES. *(2) Amendment of complaint for clerical error. (7) When judgment not reversed for refusal of additional instructions, etc. (8) Damages held not excessive.*

1. In an action for a malicious prosecution, where plaintiff puts in evidence a certified copy of the record in such prosecution, including the warrant and subsequent proceedings thereon, but not including the complaint, though the mere recital in the warrant that the complaint was made by the present defendant, may not be sufficient evidence of that fact, yet where the fact is shown by evidence *dehors* the record, admitted without objection, that is sufficient: and probably such evidence is admissible, even if objected to.

2. The information in the alleged malicious prosecution was for perjury, and alleged that the present plaintiff's evidence in a certain prior action was *material* to the issue therein, etc.; but in the certified copy of such information offered in evidence in this action, and also in the complaint herein, the word *mentioned* is substituted for *material*, by a mere clerical error. *Held*, that no formal amendment was necessary in either case; and the allowance of such an amendment was not error.

3. The justice's warrant, and all other proceedings before him on the preliminary examination of one charged with a crime, are to be returned to the " clerk of the court before which the party charged is bound to appear," under sec. 55, ch. 137, Laws of 1871 (Tay. Stats., 1921, § 26); and such clerk is thereafter the legal custodian of the warrant, by whose certificate a copy thereof may be verified.

4. Whether or not a judgment of acquittal in a criminal prosecution is any evidence of want of probable cause for such prosecution, such judgment is properly admissible in evidence in a suit for malicious prosecution, to show (as the plaintiff must show) that the prosecution *has terminated*.

5. The prosecution having been for alleged perjury of this plaintiff in denying, under oath, that on a certain occasion he used certain words, it was within the discretion of the court in the present action to admit evidence for the plaintiff of what he had said in defendant's presence *prior* to said occasion upon the subject matter referred to in such alleged words.

6. The action being one in which the jury, at its discretion, might award ex-
emplary damages, evidence of defendant's pecuniary circumstances was
admissible.

7. A judgment will not be reversed for a refusal to give additional instructions
asked by the appellant, where the instructions given stated clearly and
accurately the law applicable to the case; nor on the mere ground that
the verdict was against the weight of evidence.

8. Damages in an action for malicious prosecution of a charge of perjury, were
assessed at $330. *Held*, not excessive. .

APPEAL from the Circuit Court for *Monroe* County.

Action to recover damages for an alleged malicious prose-
cution of the plaintiff, by the defendant, for perjury. The
testimony on the trial tended to show the following facts:

A son of the plaintiff brought an action against a school
district of which the defendant was an officer, on a contract to
make certain repairs on the district school-house. On the
trial of that action, this plaintiff and a son of the defendant
were witnesses. Subsequently, the parties to this action and
several other persons came together to assist in erecting a log
barn for a neighbor. On that occasion there was some con-
versation between the defendant and the plaintiff's son re-
lative to the school district suit; in which conversation the
defendant said that this plaintiff committed perjury on the
trial of that suit.

Thereupon the plaintiff brought an action against the de-
fendant to recover damages for the speaking of those words,
and recovered therein. On the trial of the slander suit, the
plaintiff was sworn as a witness, and the defendant sought to
prove by him, in mitigation of damages, that the plaintiff
provoked him to speak the slanderous words at the barn rais-
ing, by then and there saying that the defendant's son had
sworn to a lie on the trial of the school district suit; but the
plaintiff testified that he used no such language on that
occasion.

After the trial of the slander suit, the defendant made a
complaint on oath before a justice of the peace, charging that

Winn vs. Peckham.

the plaintiff had committed the crime of perjury, when test-ifying in the slander suit, by denying that he made the above charge of false swearing against defendant's son. A warrant for the arrest of the plaintiff to answer such complaint, was issued, and he was arrested and examined, and required to give bail for his appearance before the circuit court to answer to an information for the perjury charged. Such information was filed by the district attorney, and the plaintiff was after-wards duly tried in the circuit court, and acquitted of the offense charged.

This action is to recover damages for such prosecution for perjury. It was commenced in the circuit court for Crawford county, in which county all the other litigation growing out of the school district quarrel was had; and the venue was changed to Monroe county, where the cause was twice tried. The bill of exceptions is certified to contain all the evidence. The rulings of the court on the trial, and the evidence, so far as necessary to an understanding of the exceptions relied upon by the defendant, are stated in the opinion.

The plaintiff had a verdict and judgment for $330 damages; and the defendant appealed.

The cause was submitted on a brief of *Morrow & Masters* for the appellant, and briefs of *O. B. Thomas* for the res-pondent.

To the point that the justice's warrant for the plaintiff's arrest was not properly in the custody of. the clerk of the cir-cuit court, and the copy could not be certified by him, appel-lant's counsel cited Laws of 1871, ch. 137, sec. 55, and R. S., ch. 137, sec. 71. To the point that the affidavit of this defend-ant on which said warrant was issued, or a properly certified copy thereof, was the best and only proper evidence that this defendant made the complaint in that prosecution, they cited *Hall v. Acklen*, 9 La. An., 219; *Zantzinger v. Weightman*, 2 Cranch C. C., 478. To the point that the record of plaintiff's acquittal of the criminal charge was improperly admitted in

evidence, they cited *Skidmore v. Bricker*, 77 Ill., 164; *Corbley v. Wilson*, 71 id., 209; *James v. Phelps*, 11 Ad. & El., 483, 489; *Foshay v. Ferguson*, 2 Denio, 617; *Richter v. Koster*, 45 Ind., 440; *Brown v. Randall*, 36 Conn., 56; 3 Greenl. Ev. (Redfield's ed.), § 452; 1 Hilliard on Torts (2d ed.), 480; and to the point that such record was not even *prima facie* evidence of the want of probable cause, *Adams v. Lisher*, 3 Blackf., 445; *Scott v. Simpson*, 1 Sandf. S. C., 601; *Roberts v. Bayles*, id., 47; *McBean v. Ritchie*, 18 Ill., 114; *Thorpe v. Dalliett*, 25 id., 339; 1 Hilliard on Torts (2d ed.), 527. To the point that evidence of defendant's pecuniary condition was not admissible, they cited 3 Greenl. Ev., § 269; 1 Hilliard on Torts, 467. They further contended that the burden was on the plaintiff to show by affirmative evidence the want of probable cause (2 Greenl. Ev., §§ 449, 453–4; 1 Hilliard on Torts, 481, 483; *Barron v. Mason*, 31 Vt., 189; *Gordon v. Dengels*, 6 Wend., 418; *Griffin v. Chubb*, 7 Tex., 603; 7 Barn. & Ald., 588, 594); that plaintiff failed to produce such evidence; that there was strong evidence of probable cause in the case, including the fact that on his preliminary examination on the charge of perjury, the plaintiff was held for trial (Tay. Stats., 1920, § 19; *Zantzinger v. Weightman, supra; Brant v. Higgins*, 10 Mo., 728); that want of probable cause is a mixed question of law and fact, and it is for the court to determine what will amount to probable cause (*Bacon v. Towne*, 4 Cush., 217; *Boyd v. Cross*, 35 Md., 194; *Wheeler v. Nesbitt*, 24 How., U. S., 544); and that there was no evidence in this case to support the verdict. To the point that the court erred in admitting evidence of what plaintiff said at the time of the trial of the suit against the school district, in regard to the testimony of defendant's son on that trial, and thus permitting him to make evidence for himself, they cited *McCausland v. Wonderly*, 56 Ill., 410. They also contended that the court erred in refusing to charge that plaintiff could not recover unless the jury should find that defendant had no other grounds for prosecuting the charge

of perjury, than a desire to injure the plaintiff; and also in refusing to charge that the jury were bound to presume that defendant believed in the truth of the charge of perjury, unless it clearly appeared from the evidence herein that he did not believe it. *Stone v. Swift*, 4 Pick., 389; *Alexander v. Harrison*, 38 Mo., 258; *Richter v. Koster*, 45 Ind., 440; *Harpham v. Whitney*, 77 Ill., 32; *McCormick v. Conway*, 12 La. An., 53; *James v. Phelps*, 11 Ad. & El., 483, 489; *Davis v. Moake*, 6 Maule & Sel., 32; 1 Hilliard on Torts (2d ed.), 481, 495, and note (*a*).

For the respondent it was argued, 1. That the affidavit before the justice, and his warrant, and the subsequent proceedings thereon, were all properly in the custody of the clerk of the circuit court (Tay. Stats., 1921, § 26, 1917, § 2, and 1930, § 22), and a copy certified by him was evidence (Tay. Stats., 337, § 224, and 1605, § 98). 2. That it was necessary for the plaintiff to show that the prosecution against him was at an end, and that he was acquitted of the charge. 3. That what plaintiff said about defendant's son at the trial of the suit against the school district, was admissible in evidence as a part of the *res gestæ* (1 Greenl. Ev., § 108); and that the conduct of the parties at that trial was also admissible as evidence of defendant's feeling, and his motive in the prosecution. 4. That proof of defendant's pecuniary condition was admissible. *Barnes v. Martin*, 15 Wis., 240; *Birchard v. Booth*, 4 id., 67; 2 Greenl. Ev. (3d ed.), § 269, and note 2. 5. That the instruction asked to the effect that certain things must *clearly* appear from the evidence to enable plaintiff to recover, was erroneous. Preponderance of evidence is sufficient. *W. U. Ins. Co. v. Wilson*, 7 Wis., 169. 6. That as the bill of exceptions was not certified to contain all the evidence, the question whether the verdict was sustained by the evidence could not be considered here.

LYON, J. 1. On the trial of this action, the plaintiff intro-

duced in evidence a copy of the record in the prosecution against him for perjury, duly certified by the clerk of the circuit court for Crawford county, including the warrant issued by the justice and the subsequent proceedings before him, but not including the complaint upon which the warrant was issued. It is objected that the recital in the warrant that the complaint was made by the defendant, is insufficient proof of the fact.

It may be that the complaint, or a certified copy of it, is the only admissible documentary evidence to establish, *per se*, that the defendant was the prosecutor. But there is abundant evidence in the record, received without objection, and probably admissible had it been objected to, showing *aliunde* the recital in the warrant, that the defendant was the prosecutor. This is sufficient. *Hall v. Acklen*, 9 La. An., 219.

2. It is not denied that the information for perjury charged that the testimony of the plaintiff in the slander suit, upon which the perjury was assigned, was material to the issue in that action. A copy of the information is inserted in the complaint in this action, except that, instead of *material*, the word *mentioned* is written therein. The court permitted the complaint to be amended on the trial, correcting such error. The amendment was properly allowed.

The court also allowed a like amendment of the certified copy of the information which was read in evidence, in which the mistake was also made. It is perfectly apparent that *material*, and not *mentioned*, was the word which ought to have been written. The mistake was merely clerical, and suggested at a glance its own correction. No one could possibly be misled by it, and no formal amendment of either the complaint or copy was necessary. *State v. Crane*, 4 Wis., 400.

3. The copy of the warrant issued by the justice on the complaint for perjury, which was read in evidence, was certified by the clerk of the circuit court. It is claimed that the

clerk is not the legal custodian of such warrant, and hence, that his certificate did not make the copy thereof competent evidence. The statute provides that "all examinations, evidence and recognizances taken by any magistrate .... shall be certified and returned by him to the clerk of the court before which the party charged is bound to appear." Laws of 1871, ch. 137, sec. 55 (Tay. Stats., 1921, § 26). We think that the word *examinations*, as here used, signifies all of the proceedings before the justice. Any other construction would render the word meaningless in the statute. Hence, we think the warrant was properly returned to the clerk, and that the latter is the legal custodian thereof.

4. Error is assigned upon the ruling of the court admitting in evidence a certified copy of the judgment of acquittal in the prosecution of the defendant for perjury.

To maintain an action for malicious prosecution, it is essential that the plaintiff prove; 1. That the defendant prosecuted him maliciously; 2. That the prosecutor had no probable cause to believe that he was guilty of the offense charged; and 3. That the prosecution has terminated. We are not able to perceive how the termination of the prosecution can be proved without showing the final judgment or order of the court in which it was pending.

Whether a judgment of acquittal is any evidence of want of probable cause for the prosecution, is a question we are not required to determine on this appeal. If it is not, and the defendant feared that the jury might give it that effect, he should have prayed a proper instruction in that behalf. No such instruction was asked. However, the learned circuit judge instructed the jury that want of probable cause for the prosecution "cannot be inferred from the mere fact that the plaintiff was acquitted in the perjury case."

The cases cited by the learned counsel for the defendant against the admissibility in evidence of the judgment of ac-

quittal, with a single exception, fail to sustain his position. The exceptional case is that of *Skidmore v. Bricker*, 77 Ill., 164, in which such testimony was held inadmissible. The decision in that case is based upon the decision of the same court in *Corbley v. Wilson*, 71 id., 209. The latter case was an action for slander. The alleged slander consisted in charging that the plaintiff had committed a certain crime. The defendant pleaded the truth of the words spoken. It was held that the record of the trial and acquittal of the plaintiff for the alleged crime, was not competent evidence. Undoubtedly *Corbley v. Wilson* was correctly decided; but what the doctrine of that case has to do with an action for malicious prosecution, to maintain which the facts of a prosecution and its termination must be proved, is beyond our comprehension. As at present advised, we cannot concur in the doctrine of *Skidmore v. Bricker*.

5. The court admitted evidence on behalf of the plaintiff tending to show that, at the trial of the suit against the school district, the plaintiff, in the presence of defendant, affirmed the truth of the testimony of the defendant's son, and expressed himself satisfied with it; also that the defendant on that occasion was excited and angry with the plaintiff. Although this testimony is of little importance in the case, we can scarcely say that it was not competent. It rather belongs to that class of testimony which it is in the discretion of the court to admit or reject; and in relation to which the court may rule either way without endangering its judgment on appeal.

6. Evidence was received of the pecuniary condition of the defendant. This is claimed to be error. The action is one in which the jury might properly award exemplary damages in their discretion, and it is settled in this state that in such an action testimony of the pecuniary circumstances of the defendant is competent. *Birchard v. Booth*, 4 Wis., 67; *Barnes v.*

Winn vs. Peckham.

*Martin*, 15 id., 240. That this is a case in which exemplary damages may be given, see cases cited in Vilas & Bryant's note to *Birchard v. Booth*.

7. Two instructions proposed on behalf of the defendant were refused. Both seemed to be inaccurate in form. The general charge covers the whole case, and contains a clear, accurate and logical statement of the law applicable to it. Additional instructions were quite unnecessary.

Counsel for defendant has discussed the testimony at considerable length, and argues that the verdict is against the weight of evidence. But there is sufficient evidence to sustain the verdict, and the question whether it preponderates the other way is beyond our reach. Neither can we say that the damages are excessive. Indeed, had the jury been restricted to mere compensatory damages, probably we could not disturb the verdict. *Craker v. Railway Co.*, 36 Wis., 657.

It is believed that the foregoing observations dispose of all the material exceptions in the record; and, inasmuch as we fail to find any material error in the rulings of the court on the trial, we cannot disturb the judgment.

The history of this case would be incomplete, were it not stated that the school district suit, which was the beginning of all the vexatious and expensive litigation between these parties, that has kept their neighborhood in turmoil for years, was brought to recover a claim for eight dollars and fifty cents, and that the plaintiff therein recovered five dollars and fifty cents.

*By the Court.* — Judgment affirmed.