No. 15,370.

## SHANKS v. ROBINSON.

MALICIOUS PROSECUTION.—*Malice.—Evidence.—Ill- Will Against Third Persons.*—In an action for malicious prosecution it is competent to prove the ill-will or malice of the defendant against the plaintiff, but it is not competent to prove that the defendant entertained malice against third persons.

SAME.—Where it becomes necessary to show the intent, it is competent to prove the transactions between the immediate parties, and the nature of the controversy between them.

From the Ohio Circuit Court.

*H. D. McMullen, W. R. Johnston, M. J. Givan* and *N. S. Givan,* for appellant.

*J. K. Thompson, G. M. Roberts* and *C. W. Stapp,* for appellee.

ELLIOTT, C. J.—The appellant charges in her complaint that the appellee maliciously caused a prosecution to be instituted against her for a violation of a statute making it an offence to " carry a weapon with intent to injure a fellow-man." She was defeated. The questions argued arise on the motion denying a new trial.

We have examined the principal questions made by counsel upon rulings made in admitting and excluding evidence, although the counsel have not referred to the parts of the transcript, as the rules of practice require. If objection had been made by the appellee we should not have felt at liberty to consider the questions, but, as no objection has been made, we have given them consideration.

There was no error in excluding evidence of the ill-will or malice of the appellee against persons other than the plaintiff in the action. It is competent in actions for malicious prosecution to prove the state of feeling existing between the parties to the action, but it is not competent to prove that the defendant in such an action entertains malice against third persons.

Where it becomes necessary to show the intent, it is competent to prove the transactions between the immediate parties, and the nature of the controversy between them. In this instance the intention of the appellant was a material element, inasmuch as proof of her hostile feelings toward the defendant tended to make it appear that there was probable cause for the prosecution instituted against her. *Peden* v. *Mail*, 118 Ind. 560.

We have examined the instructions, although they have not been referred to as the rules of the court require (*vide* Rule 26). The instructions are somewhat confused, and some expressions contained in them are probably erroneous; but, construing those expressions in connection with other parts of the instructions, as we must, it can not be said that they misled the jury.

Judgment affirmed.

Filed Feb. 27, 1892.