John Gentzen, Appellee, v. H. M. Hooker Company, Appellant.

Gen. No. 17,123.

1. MALICIOUS PROSECUTION—*evidence.* The admission in evidence of an order of *nolle prosequi* entered in a criminal court in the case which is the basis for an action of malicious prosecution, without any limitation of its purpose, is error.

2. MALICIOUS PROSECUTION—*evidence.* Where an assistant state's attorney testifies in malicious prosecution for defendant company as to conversations with certain officers of the company in his office, and it appears on cross examination that he had made a memorandum for his personal use of points among which one was that the defendant company was the prosecuting witness, such memorandum is not admissible as a public record nor as tending to impeach his direct testimony, since it contained merely his conclusions.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appel-

late Court at the October term, 1910. Reversed and remanded. Opinion filed October 3, 1912.

JOHN T. MURRAY, for appellant.

LOWES & RICHARDS and RICE & O'NEIL, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by the H. M. Hooker Company from a judgment against it obtained by John Gentzen in an action for damages for an alleged malicious prosecution.

As we must remand this case for errors hereinafter indicated, we shall refrain from any statement of the evidence adduced upon the trial. It was a very close case on the facts, and it was necessary to secure justice that no improper evidence should have been submitted to the jury.

There was admitted in evidence, over the objection of counsel for the defendant, a copy of an order of *nolle prosequi* entered in the Criminal Court in the case of The People v. John Gentzen, which case is the basis for this action for malicious prosecution. This was admitted in evidence and marked as an exhibit for the plaintiff, without any limitation of its effect. It went to the jury for any and all purposes, including its bearing upon the question of the innocence of Gentzen of the criminal charge. In Skidmore v. Bricker, 77 Ill. 164 (167), the court says of permitting such a record in evidence: ''In this there was manifest error. The question in this case is not whether the accused was guilty or innocent, but whether the prosecuting witness had probable ground for believing the accused guilty. If the record of acquittal was permitted to be read in evidence on the trial of this class of cases, a recovery could be had in almost every case of acquittal. Such a practice would deter all men from thus endeavoring to enforce the criminal laws of the state.

The prosecutor would be compelled to secure a conviction or respond in damages for a malicious prosecution. This is not, nor can it ever be held to be, the law. Far better to abolish the action for malicious prosecution, than adopt such a rule. Under it, no one would dare to prosecute, who was able to respond in damages.'' The cases cited by appellee's counsel are distinguished from the Skidmore case and the case before us, in that in the cases cited the record of acquittal was admitted solely for the purpose of showing the termination of the criminal prosecution, which limitation was expressly stated in apt words, either in the offer or by an instruction. No limitation of the purpose of the exhibit appears in this case, and its admission in this way was prejudicial error.

Mr. Zolotkoff, an assistant state's attorney, called by the defendant, testified to conversations with certain officers of the defendant company in his office. Upon cross-examination it developed that he had made a memorandum for his personal use of points in the criminal case. In this memorandum are the words, ''Prosecuting witness H. M. Hooker Company, Corp. Ill. pros.'' This memorandum was permitted to go to the jury as an exhibit introduced by plaintiff. It is manifest that this memorandum was no record required to be kept by law, but only a private paper of the witness, Zolotkoff. Furthermore, it cannot be admissible upon the ground that it tends to impeach anything testified to by the witness upon his direct examination. At most it contained merely his conclusion drawn from the facts to which he had testified, and nothing tending to contradict the facts themselves. It is a reasonable inference that this memorandum would tend to give the jury the impression that it was an official record of the state's attorney's office that the defendant company was prosecuting the criminal case, which alleged fact was the principal contested point upon the trial. Its admission was prejudicial error.

We do not pass upon the point urged as to alleged

improper remarks of the attorney for plaintiff in his argument to the jury. There may have been sufficient provocation for what was said. However, we cannot avoid the conclusion that, in view of the evidence in the case, the very large verdict returned by the jury must have been caused by other considerations than would be caused by a dispassionate weighing of the evidence under the instructions of the court.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*