Points decided.

(December 1, 1923.)

# FRED A. MONSKE, Respondent, v. HENRY KLEE, Appellant.

[221 Pac. 152.]

MALICIOUS PROSECUTION—EVIDENCE—PROOF OF MALICE—EVIDENCE OF OTHER JUDICIAL PROCEEDINGS — INSTRUCTIONS — PROOF OF GOOD REPUTATION—DEFENSE OF GOOD FAITH ON ADVICE OF COUNSEL.

1. In an action for malicious prosecution, evidence of the conduct and declarations of the parties litigant, whether occurring before or after the time of the original proceeding, connected with the transactions in question and tending to prove intent, is admissible upon the question of malice.

2. In an action for malicious prosecution, evidence of other judicial proceedings tending to establish malice is admissible.

3. *Held* that the trial court committed no error in the admission of certain exhibits.

4. Where instructions taken as a whole correctly state the law and are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the entire charge, and was not misled by any isolated portion thereof.

5. In an action for damages for malicious prosecution, the plaintiff may show that he had a good reputation in the particular involved in the criminal prosecution brought against him, particularly if the defendant knew, or was in a position to know, the reputation of the plaintiff in that respect when he instituted the prosecution.

6. In an action for malicious prosecution, where one of the defenses was that defendant acted in good faith upon the advice

Publisher's Note.

Acquittal or discharge by an examining magistrate as evidence of want of probable cause, see notes in 18 Ann. Cas. 65; Ann. Cas. 1916E, 376; 64 L. R. A. 481; 3 L. R. A., N. S., 929.

Advice of counsel as defense to action for malicious prosecution, see notes in 1 Ann. Cas. 932; 11 Ann. Cas. 954; Ann. Cas. 1912D, 423; 18 L. R. A., N. S., 49; 39 L. R. A., N. S., 207; 24 A. L. R., 861.

Evidence and instructions as to character of accused, see note in 20 L. R. A. 609.

of counsel, *held* that this question was fairly submitted to the jury by the instructions of the court, and that the evidence was sufficient to sustain the verdict.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action for malicious prosecution. Judgment for plaintiff. *Affirmed.*

Delana & Delana and Martin & Martin, for Appellant.

Evidence of malice on the part of the defendant against any other person than the plaintiff is not admissible. (*Hamer v. First Nat. Bank,* 9 Utah, 215, 33 Pac. 941; *Shanks v. Robinson,* 130 Ind. 479, 30 N. E. 516; *Coleman v. Treece,* 149 Mo. App. 61, 130 S. W. 56; *Saunders v. First Nat. Bank,* 85 Wash. 125, 147 Pac. 894.)

If the article published in a newspaper contains more than appears from the complaint and proceedings thereon, it should not be admitted in evidence unless it is proven that the defendant authorized the additional or different material in the publication. (*Duval v. Inland Nav. Co.,* 90 Wash. 149, 155 Pac. 768; *Fletcher v. Chicago & N. W. Ry. Co.,* 109 Mich. 363, 67 N. W. 330.)

Where evidence of reputation of the plaintiff's character is admitted, it must be proven that the plaintiff's reputation was known to the defendant. (*McIntire v. Levering,* 148 Mass. 546, 12 Am. St. 594, 20 N. E. 191, 2 L. R. A. 517; *Blizzard v. Hays,* 46 Ind. 166, 15 Am. Rep. 291.)

Where the plaintiff did actually commit an offense, but was mistakenly charged under the wrong statute or with the wrong offense, that would not entitle him to escape criminal prosecution, nor entitle him to recover in an action against the defendant for malicious prosecution. (*Nettleton v. Cook,* 30 Ida. 82, 163 Pac. 300, L. R. A. 1917D, 1194; *Sears v. Hathaway,* 12 Cal. 277.)

Where the evidence relied upon by the prosecuting witness for conviction is laid before an attorney, or the witnesses are brought before an attorney for his examination

and thereafter said attorney advises a prosecution, there is a complete showing of probable cause. (*Kelly v. Midland G. W. R. Co.,* 18 L. R. A., N. S., 52 (note); *Berger v. Wild,* 130 Fed. 882, 66 C. C. A. 79; *Moore v. Northern Pac. Ry. Co.,* 37 Minn. 145, 33 N. W. 334; *Singer Sewing Machine Co. v. Dyer,* 156 Ky. 156, 160 S. W. 917; *Huntington v. Gault,* 81 Mich. 144, 45 N. W. 970; *Baldwin v. Capitol Steam Laundry Co.,* 109 Minn. 38, 122 N. W. 460.)

The rule that advice of counsel is a complete defense applies with greater force where the counsel advising is the county attorney or public prosecutor. (*Moore v. Northern Pac. Ry. Co.,* 37 Minn. 147, 33 N. W. 334; *Johnson v. Miller,* 69 Iowa, 562, 29 N. W. 743; *Sebastin v. Cheney,* 86 Tex. 497, 25 S. W. 691; *Laughlin v. Clawson,* 27 Pa. St. 328; *Haines v. Atchison T. & S. F. Ry. Co.,* 108 Kan. 360, 195 Pac. 592.)

E. G. Davis and Eldridge & Morgan, for Respondent.

"Prior transactions occurring, and the personal relations previously existing between the parties to the present action, and feelings of hostility, enmity and ill will formerly subsisting, may be shown upon the question of malice."

"Evidence of other judicial proceedings tending either to establish malice or to rebut the inference of malice is admissible." (26 Cyc. 99, 100.)

All of the instructions given in a case must be read and considered together, and where taken as a whole they correctly state the law and are not inconsistent, it will be assumed that the jury gave due consideration to the whole charge, and was not misled by any isolated portion thereof. (*Raide v. Dollar,* 34 Ida. 682, 203 Pac. 469; *Tilden v. Hubbard,* 25 Ida. 677, 138 Pac. 1133; *Osborn v. Cary,* 28 Ida. 89, 152 Pac. 473; *Cady v. Keller,* 28 Ida. 368, 154 Pac. 629; *Taylor v. Lytle,* 29 Ida. 546, 160 Pac. 942; *Ramon v. Interstate Utilities Co.,* 31 Ida. 117, 170 Pac. 88; *Brayman v. Russell & Pugh Lumber Co.,* 31 Ida. 140, 169 Pac. 932.)

"Instructions asked are properly refused when they are not based upon some evidence material to the controversy,

although as abstract principles of law they are correct."
(*Johnson v. Fraser*, 2 Ida. 404, 18 Pac. 48; *Gwinn v. Gwinn*,
5 Ida. 271, 48 Pac. 295.)

Whether or not advice of counsel is sought and given
in good faith are questions for the jury. (*Castles v. Lynch*,
36 Ida. 636, 212 Pac. 970; *DeLamater v. Little*, 32 Ida. 358,
182 Pac. 853.)

VARIAN, Commissioner.—This is an action for malicious
prosecution. The parties reside upon neighboring farms
about six miles west of Boise. Appellant's family con-
sisted of himself, wife and two daughters, aged nine and
eleven years, respectively, at the date of the prosecution
complained of. At that time respondent's family consisted
of himself and wife. They had no children.

On November 5, 1920, appellant swore to a complaint
in Boise Justice's Precinct, Ada County, Idaho, before
Carl H. Norris, Justice of the Peace, charging that re-
spondent Monske:

"On the 3rd and 4th day of November, 1920, at —— in
the county of Ada and the State of Idaho then and there
being, did then and there maliciously and wilfully and un-
lawfully disturb the peace and quiet of persons, to wit:
Marie and Hulda Klee, minor children of affiant, by using
vulgar, profane and indecent language within the presence
and hearing of said children, in a loud and boisterous
manner, etc."

On his arraignment on November 6th, respondent pleaded
not guilty to said charge, and the cause was set for trial
on November 12, 1920, at 10 o'clock A. M. A jury was
called for that date, and at the time set, respondent ap-
peared and the prosecuting attorney dismissed the action.

The evidence discloses many petty bickerings and mis-
understandings between the parties and their families for
two or three years prior to the institution of the present
action. The following occurrences may be mentioned:

Appellant caused the arrest of Anna Monske, wife of re-
spondent, in May, 1919, charging her in the justice's court

with interfering "with the comfort and enjoyment of life by continually and maliciously exposing to view of others the person of another, to wit: Joe Best, in the presence of children of tender years." The defendant was arrested, but upon explaining the acts complained of to the justice of the peace, she was discharged without trial.

In August, 1920, appellant caused the arrest of respondent, charging him in the justice's court with disturbing appellant's peace and quiet by offensive conduct, vile and offensive epithets, and by threatening, traducing and challenging to fight appellant. Respondent pleaded not guilty, waived a jury and without the aid of counsel for defendant, the cause was tried to the court. The parties to the present action were the only witnesses sworn or examined. Monske was found guilty by the court and fined $5 and costs, amounting to $3.40, both of which he paid.

In April, 1920, respondent Monske caused the arrest of appellant Henry Klee on a charge of assault with intent to commit murder. After a preliminary examination on this charge, the defendant was held to answer. A month later, in May, 1920, the prosecuting attorney of Ada county, now of counsel for appellant in this action, filed a new complaint in the same justice's court, charging appellant, on the date of the offense for which he was held to answer, with pointing a loaded pistol at Fred Monske (respondent) without malice. To this last complaint appellant pleaded guilty and was fined $50. It appears from the record that both charges, the one filed in April and the one filed in May, are based upon the same state of facts, and consist of the circumstances regarding the firing of two shots by appellant at respondent on April 7, 1920, from a 38-caliber revolver. The bullet striking respondent did not imbed itself deeply in respondent's arm, and was removed by him without surgical assistance.

The record also shows that the minor children of appellant, Marie and Hulda Klee, entered the Monske home during the absence of respondent and his wife, and took therefrom some raisins, which they ate, and a wrist watch

and ring, which they found in a trunk in respondent's house. They are also charged with taking cream, strawberries and cake. The children deny this, but admit taking the raisins, watch and ring, all of which were restored to respondent upon the matter being called to the attention of appellant's wife. The record contains other instances of encounters, exchanges of words, etc., between the parties and the two families, but it is not necessary to go further into the details here.

Assignments of error I, II and III refer to the admission of evidence, and may be properly considered together.

The first assignment refers to the admission of plaintiff's exhibit 7, being the complaint in the justice's court, signed by appellant, in the action brought against Anna Monske, wife of respondent, charging her with "wrongfully, unlawfully and intentionally interfering with the comfort and enjoyment of life by continually and indecently exposing to view of others the person of another, to wit: Joe Best, in the presence of children of tender age."

This exhibit was admitted over the objection of appellant.

Second, Mrs. Monske, wife of respondent, was permitted to testify, over objection, that she was arrested in May, 1919, on this complaint, to the fact that she was discharged by the justice of the peace, and as to the condition of her father, Joe Best, for whom she was caring at the time; that he was paralyzed from the waist down; that he was feeble-minded, had lost control of his urine, etc., and required assistance from others; that he could not properly use the toilet in the house, and that witness had prepared a place outside of and to the rear of the house, and that it was here that the acts complained of took place. She testified that her father's person was not exposed, and remembers that on the day before her arrest the younger daughter of appellant, Hulda Klee, was down the road and in front of respondent's house. The third assignment of error goes to the recital, over objection, of certain difficulties between respondent's wife and the Klee children.

It was not error to admit any of this evidence. Counsel for appellant cite four cases in their brief that seem to sustain the principle that evidence of malice or ill will of the defendant against any other person than the plaintiff is inadmissible in an action for malicious prosecution, viz.: *Hamer v. First Nat. Bank,* 9 Utah, 215, 33 Pac. 941; *Saunders v. First Nat. Bank,* 85 Wash. 125, 147 Pac. 894; *Shanks v. Robinson,* 130 Ind. 479, 30 N. E. 516; *Coleman v. Treece,* 149 Mo. App. 61, 130 S. W. 56. None of the cases to which we have referred involve malice or ill will by defendant against a *member* of the family of plaintiff.

The rule contended for by appellant is based upon the broad principle that evidence of malice of defendant against persons other than the plaintiff, in an action for malicious prosecution, does not show malice against the plaintiff. Admitting the rule in so far as it applies to persons not members of plaintiff's family, and the reasons for the rule, we think an entirely different rule applies where defendant's acts tend to show malice toward a member of plaintiff's family, particularly his wife. The family is perhaps the strongest human tie. Many who are indifferent to personal abuse or attack are aroused to the highest pitch of fury by unwarranted attacks upon the person, character or reputation of a member of the family. And in the case of the Klee children, as is natural, they but reflect the attitude of their parents toward the respondent and his family. Their attitude toward the Monskes is largely, if not entirely, attributable to the actions and utterances of their parents, in their presence.

As said by Mr. Justice Sanderson in an early California case:

"It certainly is not contrary to human experience to find a unity of feeling and action accompanying the family relation. Feuds descend from father to son. An injury to one is an injury to all. The honor of one is the honor of all." (*Lyon v. Hancock,* 35 Cal. 372.)

See also *Long v. Rodgers,* 19 Ala. 321.

This evidence was admissible under the rule as laid down in 26 Cyc., pp. 99, 100, as follows:

"Prior transactions occurring, and the personal relations existing between the parties to the present action, and feelings of hostility, enmity and ill will formerly subsisting may be shown upon the question of malice."

"Evidence of the conduct, admissions and declarations of the parties, plaintiff and defendant, and of defendant's authorized agents, alike, whether occurring before or after the time of the original proceeding, connected with the transactions and tending to prove intent, is admissible upon the issue of malice."

"Evidence of other judicial proceedings tending either to establish malice or rebut the inference of malice is admissible."

The evidence as to the relations between the Klee children and the Monskes comes within the rule when we take into consideration the ages of the children, the relations between the two families, their situation, and all the facts and circumstances in evidence. In view of the quarrels and bickerings back and forth between the two families, covering a period of two or three years prior to the institution of the present action, the mere fact that the complaint against Mrs. Monske, plaintiff's exhibit 7, was filed a year and a half before the trial herein, is no reason for the exclusion of the exhibit.

Appellant next assigns as error the admission over objection of a copy of the "Evening Capital News" of the issue of November 12, 1920, plaintiff's exhibit 8, containing the following reference to the criminal prosecution against respondent Monske:

## "Justice Court.

"The case of Fred Munskey, charged with the use of indecent and obscene language before children, is being tried this afternoon before a judge in the Justice Court of Judge Carl H. Norris. Munskey was arrested upon the complaint of Henry Klee, a neighbor."

38 Idaho.—21

It is the contention of appellant that this newspaper item contains matter that cannot be gleaned from the charge and proceedings thereon, it not being also shown that appellant was responsible in some degree for its publication. The facts here do not fairly bring this case within the rule laid down in *Duval v. Inland Nav. Co.*, 90 Wash. 149, 155 Pac. 768, and *Fletcher v. C. & N. W. Ry. Co.*, 109 Mich. 363, 67 N. W. 330, cited by counsel for appellant. They assert that the newspaper item contains the statement that the case "is being tried this afternoon," when in fact it was set for trial and was never tried, but was dismissed. This fact was clearly brought out by respondent at the trial, and the jury was not misled in any particular. The item itself is in no sense inflammatory, and the erroneous statement does not amplify or enlarge the charge contained in the complaint filed in the justice's court. There was no error in admitting this exhibit.

Appellant's fifth assignment of error relates to the giving of the following instruction:

"The plaintiff contends that the criminal prosecution was procured without probable cause. If you find from the evidence that the plaintiff in this action did not use vulgar, profane or indecent language in the presence or hearing of Marie and Hulda Klee, on the 3d and 4th days of November, 1920, or on either of said days, and further find that the plaintiff bore a good reputation in the community in which he lived at said time for peace and quietude, and that his general trait or character was not given to the use of such language, and that defendant knew these facts, or as a reasonable and prudent man should have known thereof, and that a reasonably cautious and prudent man, knowing the facts and circumstances as the defendant did, and situated as he was at said time, would not be justified in believing that the plaintiff was guilty of the conduct attributed to him, then I charge you, as a matter of law, that there was a want of probable cause for said criminal prosecution."

Appellant contends that this instruction totally ignores the element of defendant having consulted counsel in good

faith, etc. The court gave another instruction that fully covers this phase, and appellant's contention is without merit.

"All of the instructions given in a case must be read and considered together, and where, taken as a whole, they correctly state the law and are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole charge, and was not misled by any isolated portion thereof." (*Raide v. Dollar*, 34 Ida. 682, 203 Pac. 469, citing *Brayman v. Russell & Pugh Lbr. Co.*, 31 Ida. 140, 169 Pac. 932.)

Appellant further contends that the evidence shows that appellant had knowledge that respondent was given to the kind of language charged in the criminal complaint, that the criminal complaint was made upon his own knowledge and not upon information and belief, and that therefore it was error to charge the jury as to the good reputation of respondent in the community in which he lived, at the time, for peace and quietude.

While the complaint is sworn to by appellant positively and not upon information and belief, the evidence shows that he was not present and did not hear the words complained of spoken to Marie and Hulda Klee. After they told him about what had taken place, appellant took the children to the prosecuting attorney, who prepared the charging part of the complaint. So that if we were to accept as sound law the principle laid down in the case of *Skidmore v. Bricker*, 77 Ill. 164, the facts here do not bring appellant within the rule contended for to the effect that:

"Where a person has an unblemished character, and the prosecuting witness is aware of the fact, it necessarily requires more evidence to create a reasonable belief of guilt, than where the accused has a bad character; and in cases where the prosecution is based on belief, this character of evidence is proper for the purpose indicated, but the reason for the rule ceases when the charge is based on knowledge of the facts. This evidence should not, therefore, have been admitted." (*Skidmore v. Bricker, supra.*)

He did not in fact verify the complaint upon his own knowledge. Respondent's character was in issue all through the case.

In an action for damages for malicious prosecution, plaintiff may show that he had a good reputation in the particular involved in the criminal prosecution brought against him, particularly if the defendant knew, or was in a position to know, of the reputation of plaintiff when he instituted the prosecution. (*Melanowski v. Judy,* 102 Ohio, 153, 131 N. E. 360; *Sappington v. Fairfax,* 135 Md. 186, 108 Atl. 575; *Murphy v. Davids,* 181 Cal. 706, 186 Pac. 143, see p. 148; 18 R. C. L. 53.)

The sixth, seventh and eighth assignments of error all involve the proposition that the evidence shows another offense was committed by respondent Monske, other than that charged in the criminal complaint; therefore there was probable cause for the prosecution of respondent under the rule announced by this court in *Nettleton v. Cook,* 30 Ida. 82, 163 Pac. 300, L. R. A. 1917D, 1194.

"Where plaintiff in an action for malicious prosecution shows that he was discharged by the committing magistrate after the holding of a preliminary examination, such discharge is *prima facie* evidence of want of probable cause but is not conclusive; and if it appears affirmatively from evidence introduced upon the trial that he was in fact guilty of an indictable misdemeanor, although not the one for which he was attempted to be held for trial, but of an indictable misdemeanor which was so closely akin thereto that the county attorney in drafting the criminal complaint inadvertently charged the defendant under the wrong section of the statute, want of probable cause is thereby rebutted, and the prosecutor cannot be held in damages."

(Syllabus in *Nettleton v. Cook, supra.*)

Appellant states that the criminal charge against respondent Monske was brought under C. S., sec. 8373, which he quotes as follows:

"Disturbing the Peace. Every person who maliciously and wilfully disturbs the peace or quiet of any neighbor-

hood, family or person, by loud or unusual noise, or by tumultuous or offensive conduct, or by threatening, traducing, quarreling, challenging to fight or fighting, or who on the public streets of any unincorporated town or village, or upon the public highways in any such incorporated town or village, runs any horse race, either for wager or for amusement, or fires any gun or pistol in such unincorporated town or village, or uses any vulgar, profane or indecent language within the presence or hearing of women or children, in a loud and boisterous manner, is guilty of a misdemeanor.''

It is contended that the prosecuting attorney dismissed the criminal charge against respondent for the reason that the complaint charged him with the use of vulgar and profane language in the presence and hearing of children, ''in a loud and boisterous manner,'' and that he found the evidence would not show that the words were used in a loud and boisterous manner. Now counsel say that under this section of the statute, and the evidence, the language complained of was in the presence of children, and constituted ''offensive conduct'' under the statute. Without expressing any opinion as to whether the language claimed to have been used by respondent, not in a loud and boisterous manner, constitutes ''offensive conduct'' under this section, it only becomes necessary to point out the entire absence of similarity between the facts of this case and the facts in *Nettleton v. Cook, supra,* and *Sears v. Hathaway,* 12 Cal. 277, also cited by appellant.

In *Nettleton v. Cook, supra,* the admissions of the respondent (plaintiff below) in that case showed clearly and unmistakably that he had committed an offense under another section of the statute, and that he had been prosecuted in effect under the wrong section. He admitted having done the acts that constituted the offense under the other section of the statute.

A careful reading of the report of *Sears v. Hathaway, supra,* fails to show any application in principle to the facts here. In that case the prosecution failed because the fraud

of respondent was not evidenced by a writing. No crime had in fact been proved, because of the limitations on the proof laid down by the statute in such cases. The court declined to sustain the verdict because respondent, having committed an act of moral turpitude, was not entitled to damages "for an injured reputation caused by the imputation of a crime, the whole moral guilt of which he had incurred." (*Sears v. Hathaway, supra.*)

In the case under consideration, the respondent at all times denied having spoken the words attributed to him. Whether he spoke them or not was an issue at the trial, and the court instructed the jury that if they found he did not use the vulgar, profane or indecent language complained of, etc., there was want of probable cause. The jury have in effect found by their verdict, under the instructions, that respondent did not use the language complained of.

The final assignments of error, X and XI, relate to the defense of appellant having acted in the criminal prosecution in good faith upon the advice of counsel. We think this question was fairly submitted to the jury by the court, and that the evidence was sufficient to sustain the verdict.

There is no substantial error in the record. The judgment should be affirmed.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.

PER CURIAM.—The above opinion is hereby adopted as the opinion of the court, and it is ordered that the judgment of the lower court be affirmed. Costs awarded to respondent.