## RUSTON *v.* BIDDLE.

PLEADING.—*Malicious Prosecution.*—In an action for malicious prosecution, to allege that the defendant falsely, maliciously, and without any reasonable or probable cause, filed his affidavit charging the plaintiff with having committed a criminal offence, is sufficient, without repeating the allegation of malice and want of probable cause in connection with the averments concerning the issuing of the warrant, the arrest, and the imprisonment.

BILL OF EXCEPTIONS.—Where no time has been asked or given at the time of the making of a decision, within which to file a bill of exceptions, a bill filed at a subsequent term, at the time of the rendition of judgment, does not become a part of the record.

From the Tipton Circuit Court.

*R. B. Beauchamp, J. Green,* and *D. Waugh,* for appellant.
*N. R. Overman, N. W. Parker,* and *J. T. Cox,* for appellee.

DOWNEY, C. J.—This was an action for malicious prosecution, brought by the appellee against the appellant, in which there was judgment for the plaintiff. There are three errors properly assigned in this court. 1st. The overruling of a demurrer which was filed by the defendant to the complaint. 2d. Overruling the defendant's motion for a new trial. 3d. Overruling his motion in arrest of judgment.

The first and third assignments of error present the same question, that is, the sufficiency of the complaint. The complaint alleges that heretofore, to wit, on, etc., at, etc., the defendant falsely, maliciously, and without any reasonable or probable cause whatever, filed his affidavit with one Campbell, a justice of the peace, charging the plaintiff with having committed the crime of trespass, on, etc., at, etc., by unlawfully cutting down, on lands of the defendant, in said county, one green cotton-wood tree, of the value of five

dollars, the property of the defendant, without having a license so to do from the defendant, etc., and that, upon the filing of the affidavit, the defendant procured a warrant to be issued against the plaintiff by the justice of the peace, and procured the arrest and imprisonment of the plaintiff thereon; that he was arrested on the 13th day of March, 1872, and forcibly taken before the justice of the peace, and deprived of his liberty for the space of six hours, and was compelled to and did enter into recognizance to appear before the justice of the peace on the 19th day of March, 1872, for trial; that he appeared before the justice of the peace on that day, was tried, acquitted of said offence, and discharged; that he was wholly innocent, etc. He further alleged that by means of said prosecution he was put to great expense and trouble in making his defence and procuring his release, in this, to wit: he paid twenty-five dollars for attorney's fees, was hindered from his work for six days, and suffered great pain and anxiety of mind, to his damage, etc.; wherefore, etc.

The objection urged to the complaint is, that it does not aver that the defendant maliciously and without probable cause had the warrant issued and caused the plaintiff to be arrested upon the warrant issued by the justice of the peace; that the allegation, that the defendant falsely, maliciously, and without any reasonable or probable cause whatever, filed his affidavit, etc., is not sufficient, without alleging that the issuing of the warrant and the arrest, etc., by virtue of the warrant, were also malicious and without probable cause. We think this is not a valid objection to the complaint. It was not necessary to repeat the allegation of malice and want of probable cause in connection with the arrest and imprisonment of the plaintiff. It is alleged that the charge was false, was without probable cause, was malicious, that it terminated in the acquittal and discharge of the plaintiff, and that the plaintiff was damaged thereby. These are the essential elements of a cause of action for a malicious prosecution.

The questions arising or sought to be presented under the assignment of error, relating to the overruling of the motion

for a new trial, depend upon the bill of exceptions. If that is not properly in the record, they do not arise and can not be legally decided by us. The trial took place at the May term, 1872; the motion for a new trial was then presented, considered, and overruled. The defendant excepted, but no time was asked or given in which to file the bill of exceptions. The judgment was rendered on the 9th day of November, 1872, during the November term of the court, and the bill of exceptions was then filed. It is only necessary to refer to the statute to settle this question. It is enacted in the three hundred and forty-third section of the code, 2 G. & H. 209, that the party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court. We can not regard the bill of exceptions as properly in the record.

The judgment is affirmed, with five per cent. damages and costs.