## Schoonover v. Reed.

MALICIOUS PROSECUTION.—*Complaint.*—A complaint for damages for malicious prosecution, which fully alleges the institution of a criminal prosecution of the plaintiff by the defendant, acquittal thereof, malice, want of probable cause and damage, is sufficient.

SAME.—*Pecuniary Damages.—Motion to make Certain.—Demurrer.*—The failure of the complaint in such case to state the particular amount of expense to which the plaintiff alleges he was subjected in resisting the criminal prosecution may be reached by a motion to make certain, but not by demurrer.

BILL OF EXCEPTIONS.—*Time of Filing.—Record.*—Where time beyond the term is not granted for the filing of a bill of exceptions, it forms no part of the record if filed after the term.

From the Warren Circuit Court.

*J. A. Stein, G. O. Behm, J. Park* and *A. O. Behm*, for appellant.

*J. McCabe*, for appellee.

PERKINS, J.—Suit for malicious prosecution. The complaint is in two paragraphs. The first reads as follows:

"W. H. H. Reed complains of James Schoonover, and says that said defendant, maliciously and without probable cause, instituted a criminal prosecution against the plaintiff herein, jointly with others, charging them with having, on or about the 10th day of September, 1873, committed a malicious trespass, by then and there tearing down a house, the property of said Schoonover, and hauling it away, maliciously and mischievously, at said county; that said charge was preferred, and prosecution instituted, before George G. Pierson, a justice of the peace of said county; that said justice issued a warrant upon said charge, by virtue of which said plaintiff was arrested, and brought before said justice, tried, acquitted and discharged, and said prosecution against him is ended; by which prosecution the plaintiff was greatly damaged in his good name, and greatly scandalized among his neighbors, and suffered great mortification and agony of mind, and was put to great trouble and expense in and about his defence,

hindered and prevented from attending to his daily affairs; to his damage one thousand dollars, for which he demands judgment, with costs, and all other proper relief," etc.

The second paragraph was similar to the first. The paragraph alleged pecuniary, among other, damages, but did not specify the amount. No motion to make the complaint more certain was interposed.

The paragraphs of complaint were severally demurred to for want of facts, but the demurrers were overruled, and exceptions entered. .

Answer in general denial.

Trial by a jury; verdict for plaintiff, for five hundred dollars; motion for a new trial overruled; the plaintiff remitted two of the five hundred dollars, and judgment for three hundred dollars was entered for the plaintiff.

This was on the fifteenth day of the November term, 1873. No leave was entered of record to file a bill of exceptions after the expiration of the term, and no bill was filed till the 2d day of February, 1874.

This is the assignment of errors:

1. The court erred in overruling the demurrers to the paragraphs of the complaint;

2. The court erred in overruling the motion for a new trial;

3. The court erred in rendering judgment for the plaintiff.

The court did not err in overruling the demurrers to the paragraphs of complaint. The paragraphs alleged sufficient facts. *Stancliff* v. *Palmeter,* 18 Ind. 321; *Ruston* v. *Biddle,* 43 Ind. 515; *McCullough* v. *Rice,* 59 Ind. 580; *Carey* v. *Sheets,* 60 Ind. 17.

They contain, severally, the four averments of prosecution instituted, and ended by the discharge of the defendant therein, malice, want of probable cause, and damage.

As to the second and third assignments of error, in the

absence of a bill of exceptions presenting either erroneous rulings on the trial, or the evidence in the cause, they raise no question for decision by this court.

The judgment is affirmed, with costs.