Filed Nov. 23, 1886.

|108|341|
|127|470|

No. 12,713.

## WALKER ET AL. *v.* PITTMAN.

MALICIOUS PROSECUTION.—*Evidence.—Reputation for Peace and Quietude.*— In an action for malicious prosecution it is error to admit, as evidence in chief for the plaintiff, testimony that at the time of an encounter between the parties, out of which the prosecution grew, the defendant was a man of bad reputation for peace and quietude.

SAME.--*Damages.—Attorney's Fees.*—In an action for malicious prosecution the plaintiff is entitled to prove the value of the services of his attorney in defending the prosecution, without showing actual payment thereof.

From the Clinton Circuit Court.

*T. J. Kane, T. P. Davis, B. Harrison, W. H. H. Miller, J. B. Elam* and *J. C. Suit,* for appellants.

*D. Moss* and *R. R. Stephenson,* for appellee.

NIBLACK, J.—This was an action by Oliver Pittman against Emmett E. Walker, Elza J. Walker and Richard H. Walker for an alleged malicious prosecution. It was commenced in the Hamilton Circuit Court, and afterwards taken to the Clinton Circuit Court for trial. The plaintiff obtained a verdict for seven hundred dollars against Emmett E. Walker and Elza J. Walker, and, over a motion for a new trial and exceptions reserved, had judgment on the verdict.

The complaint charged that the defendants, in July, 1884, maliciously and without probable cause, caused the plaintiff to be arrested and taken before a justice of the peace of Hamilton county upon a charge of an assault and battery upon the said Emmett E. Walker, with intent to murder him, the said Emmett E. Walker, and had him, the plaintiff, recognized to appear in the circuit court of that county to answer such charge; also that the defendants maliciously and without probable cause procured the plaintiff to be tried in the circuit court upon such charge, on affidavit and information, where he was acquitted after having incurred great expense in his defence, and a temporary imprisonment in the county jail, and other injuries.

It came out at the trial as a part of the evidence in chief, introduced by the plaintiff, that previous to his arrest in July, 1884, there had been a personal collision between the plaintiff and his father on the one side, and the said Emmett E. Walker on the other, in which pistol shots were fired, and by reason of which the latter was injured, and that it was on

account of that personal collision that the plaintiff was arrested and tried as above charged.

To sustain the issues on his part, and to support the allegations of his complaint, and as original evidence in chief, the plaintiff was, over objection, further permitted to prove by two witnesses, that at the time of the personal collision in question the defendant Emmett E. Walker was a man of bad reputation for peace and quietude in the neighborhood in which he lived, and the admission of that proof has been made a question upon this appeal.

It is quite impracticable to formulate any general rule as to the kind of evidence which must be introduced, or as to the facts which must be proven, to maintain an action of this kind in all cases, since, in the nature of things, each case of the kind must, to a great extent, rest upon the peculiar circumstances attending it. But there are certain general rules for the admission of evidence which apply as well to actions for malicious prosecution as to other causes, and one of these is that only such evidence is admissible as tends to support the issue, or some one of the issues, joined between the parties. In applying this last named rule to a case like this, it must be kept in view that probable cause does not depend, in point of fact, upon the actual state of the case, but upon the honest and reasonable belief of the party charged with maliciously prosecuting the action complained of.

The want of probable cause is a material averment, and, though negative in its form and character, it must be affirmatively proven by facts and circumstances which were within the knowledge of the defendant, unless the defendant dispenses with such proof by assuming the burden of the issue. The malicious motive, too, is a material averment, and must, in like manner, be affirmatively proven by the acts, declarations, or general conduct of the defendant. As to his innocence of the charge upon which he was prosecuted, the plaintiff is not required, as evidence in chief, to do more than put

in evidence the record of his acquittal.    He is not expected, and, as a general rule, ought not to be permitted, to retry the merits, in all its details, of the original action, to make out a *prima facie* case of innocence on his part, as well as a want of probable cause.    2 Greenl. Ev., sections 449 to 456, both inclusive; *Purcel* v. *McNamara,* 1 Campbell, 199; S. C., 9 East, 361; *Morris* v. *Corson,* 7 Cowen, 281; *Sterling* v. *Adams,* 3 Day, 411; *Bitting* v. *Ten Eyck,* 82 Ind. 421 (42 Am. R. 505).

In this case the bad character of Emmett E. Walker for peace and quietude, at the time of the collision between him and the plaintiff and his father, could not have constituted more than a collateral circumstance for the consideration of the jury at the former trial, and was hence in no sense original evidence in this action.    2 Greenl. Evi., section 458.

It did not tend to prove either malice in the prosecution of the criminal cause, or the apparent want of facts within the knowledge of the defendants to constitute probable cause. The natural consequence of the introduction of evidence of the bad character of Emmett E. Walker, as above set forth, was to indirectly make his character for peace and quietude an important element at the trial of this cause, and thus to divert the attention of the jury from the matters really in issue before them.    In our opinion, therefore, the evidence under consideration was erroneously admitted, and the error was one for which a new trial ought to have been granted. It may have been that the defendants might have so shaped their defence as to have rendered evidence of the character of Emmett E. Walker, in the respect stated, admissible as rebutting testimony, but as to that the record discloses nothing, and hence nothing is now decided.    We only hold, at the present hearing, that the evidence admitted was too remote as evidence in chief.

The plaintiff was also permitted to prove, over objection, the value of the services of his attorney in defending him upon the criminal charge, without showing that he had paid.

for such services, and that may again become a question in, the cause. It is well settled upon the authorities, that in actions of the general class to which this belongs, expenses necessarily incurred may be taken into consideration in the assessment of the damages, without proof of actual payment of such expenses. Whether such expenses have been actually paid in any given case, raises a merely collateral question, with which the defendant has no concern. *Pennsylvania Co.* v. *Marion*, 104 Ind. 239. In actions for malicious prosecution the plaintiff is entitled to prove the amount of expenses he had to incur for attorney's fees. 4 Wait Actions and Defences, 351; 3 Sutherland Damages, 706; *Lawrence* v. *Hagerman*, 56 Ill. 68 (8 Am. R. 674).

The judgment is reversed, with costs, and the cause remanded for a new trial.

Filed Nov. 23, 1886.