Peden *v.* Mail.

Filed March 8, 1889; petition for a rehearing overruled May 7, 1889.

No. 13,523.

## Peden *v.* Mail.

Malicious Prosecution.—*Motive.*—*Probable Cause.*—*Evidence.*—Upon the trial of an action for malicious prosecution, it is competent for the plaintiff to introduce in evidence the pleadings in a civil suit commenced by him against the defendant shortly before the criminal prosecution was instituted, as bearing upon the question of probable cause.

Same.—*Knowledge of Accused's Good Faith.*—A letter written by the plaintiff to the defendant, prior to the institution by the latter of the criminal prosecution against the former, tending to charge the defendant with knowledge that the plaintiff was acting in good faith and under a claim of right in the transaction for which he was prosecuted, is admissible.

Same.—*Partnership.*—*Account Books.*—*Erasures.*—*Inspection by Jury.*—Where a partner, claiming that his copartner is indebted to him on partnership account, sells property which he claims to belong to the firm and appropriates the proceeds to his own use, for which he is prosecuted criminally by his copartner, he has a right, in an action by him for malicious prosecution, to have the partnership books, in which he asserts that the defendant has made changes and erasures, exhibited in evidence for the inspection of the jury.

Same.—*Partnership Property.*—*When Partner May Sell and Appropriate Proceeds.*—Where one partner is indebted to his copartner, the latter has the

Peden *v.* Mail.

right to sell partnership property and appropriate the proceeds to his own use in satisfaction of the debt.

SAME.—*Excessive Damages.*—Where it appears that the jury, in assessing the damages in an action for malicious prosecution, arrived at the amount deliberately, without the intervention of passion, partiality or prejudice, their verdict will not be disturbed as excessive.

From the Owen Circuit Court.

*D. E. Beem, W. Hickam* and *G. W. Grubbs,* for appellant.

*I. H. Fowler, S. O. Pickens, W. A. Pickens* and *J. C. Robinson,* for appellee.

MITCHELL, J.—This action was commenced by Frederick B. Mail against Thomas A. Peden to recover damages alleged to have resulted to the plaintiff by reason of a criminal prosecution, which it is charged the defendant maliciously and without probable cause instituted and caused to be prosecuted against him.

It appeared that Peden owned a large farm in Greene county, and that he formed a copartnership with Mail in the fall of 1881, in pursuance of which the latter moved on the Greene county farm in the spring of 1882. At the time the agreement was entered into each owned certain live stock, which it was agreed should be put into the partnership as firm property, and Peden was to furnish money with which to purchase other stock for the firm. He was to have his money back, with interest, and the profits were to be divided equally. Some differences arose between the parties, and on January 1st, 1883, a new agreement was signed.

Peden claimed that by the terms of this last agreement he became the owner of the stock, and that he had the exclusive right to make sales, while Mail insisted that the partnership in the stock continued as before, and that the effect of the new agreement was nothing more than to give the former a lien on all the stock to secure him for advances of money theretofore made by him. While this last agreement was in force, and under the claim that Peden was indebted to him

on partnership account, Mail sold seven steers owned as above and appropriated the money. After learning of the sale, Peden demanded the money, which Mail refused to pay over. Under his claim of exclusive ownership, the former then drove off all of the stock which remained, which was of the value of about $1,500. Thereupon Mail instituted a civil suit against Peden in the Owen Circuit Court for an accounting, claiming that the latter was indebted to him in a large sum. He afterwards recovered a judgment for some $1,300.

In a few days after the civil suit had been commenced by Mail, Peden consulted the prosecuting attorney, upon whose advice, as he claims, he afterwards instituted a criminal prosecution against Mail, charging him in one count with the larceny of the seven head of cattle sold as above mentioned, and in another count with embezzling the money arising from the sale. After a trial Mail was acquitted.

Upon evidence tending to prove facts of which the foregoing presents but a brief summary, the plaintiff below recovered a judgment, from which this appeal is prosecuted.

The appellant complains that the court admitted in evidence the pleadings in the civil suit instituted by the plaintiff against him a short time prior to the commencement of the criminal prosecution which gave occasion for this suit. There was no error in admitting these in evidence. It was a part of the plaintiff's case to show that the criminal prosecution was instituted against him without probable cause. The verdict and judgment of acquittal were sufficient to raise the presumption that the plaintiff was not guilty of the crime charged against him, but it was incumbent on him to go further, and by putting all the facts and circumstances which led up to the prosecution before the jury, make it appear that it was instituted without probable cause. If, as a matter of fact, a criminal prosecution is instituted for some collateral purpose, and as a means of coercing another to surrender some right or claim which he makes, regardless of whether

or not the person against whom it is commenced has committed a criminal offence, the prosecution so begun is without probable cause. *Paddock* ᵥ. *Watts*, 116 Ind. 146 ; *Kimball* v. *Bates*, 50 Maine, 308.

It was therefore competent to show the institution of the civil suit a few days before the criminal prosecution was commenced, in order to show a motive for the prosecution other than the belief that the plaintiff was guilty of a criminal offence.

The judgment rendered in the civil suit was also admitted in evidence, but as this was afterwards withdrawn or stricken out by the court, there was no error. Indeed, it is not entirely clear that the judgment was not competent evidence.

Before the civil or criminal suit had been instituted, the plaintiff wrote a letter to the defendant in which he complained that the latter had not kept the partnership account correctly ; that he had failed to give the writer credits for about $1,200 to which he was entitled, and asking for an itemized account. He also complained of the refusal of the appellant to correct the books, or to give him a statement of his account, and claimed that there was money due him from the appellant. He also informed the appellant that he had sold the seven head of cattle already mentioned, and explained the reasons for selling them. This letter was admitted in evidence as part of the plaintiff's case. In this there was no error. The letter was admissible as tending to show that the appellant knew, at the time he instituted the criminal prosecution for the larceny of the cattle referred to in the letter and for embezzling the money received for them, that the plaintiff was acting in good faith and under a claim that he had a right to dispose of the cattle.

There was no error in admitting the evidence of Huston, in relation to an attempted settlement or statement of the partnership account. It was not an attempt to compromise a threatened or pending lawsuit. His testimony related simply to what occurred at a time when the account, as kept

by the appellant, was being stated.   Nor was there any error in permitting the jury to examine the appellant's book, in which the partnership account was kept, with a view to determine whether or not the account had not been erased and interlined to the plaintiff's disadvantage.   The plaintiff's claim was, that he had a right to sell the cattle and appropriate the proceeds of the sale to his own use, because the appellant was indebted to him on partnership account.   He claimed further that the appellant had so erased and changed the account which he kept in his book as to show that there was nothing due him, and these changes and erasures appeared on the book.   It was, therefore, competent to introduce the book in evidence and submit it to the inspection of the jury.

We have examined the instructions, the giving of which is made the ground of complaint.   Without setting them out or elaborating the reasons, we content ourselves with saying that the law applicable to the facts of the case was correctly stated to the jury.

In the seventh instruction the jury were told that if the appellant was indebted to the plaintiff at the time the cattle were sold the latter had the right to sell them and appropriate the money to his own use.   As applicable to the plaintiff's theory of the case, that the cattle were partnership property, the instruction was correct beyond question.

The instructions are not obnoxious to the objection that they were inconsistent and contradictory.   It is impossible to read them as a whole without coming to the conclusion that the jury must have understood the theory of each of the parties, and the law applicable thereto.   There is, of course, some conflict in the evidence, but it is difficult to find any evidence, even in the appellant's own testimony, which tends to show any probable cause for instituting the criminal prosecution against the plaintiff.   It can not be said that the verdict and judgment are not sustained by the evidence.

It only remains that we dispose of the last objection, and

that is, that the damages are excessive. We were impressed with this view of the case in the beginning. When it is remembered, however, that the plaintiff, who is shown to have enjoyed the confidence of the community in which he lived, and to have been in good repute for honesty and uprightness, was, without any probable cause, subjected to arrest and trial on a charge of felony, that the appellant employed counsel to assist in securing his conviction, and that the probable purpose of the prosecution was to coerce the plaintiff to surrender up an honest claim which he was asserting—these, with some other aggravating features of the case, induce us to conclude that the jury arrived at the amount of their verdict deliberately, without the intervention of passion, partiality or prejudice.

The judgment is therefore affirmed, with costs.

Filed March 7, 1889; petition for a rehearing overruled May 7, 1889.