Filed Oct. 16, 1891.

---

No. 336.

## SWINDELL v. HOUCK.

MALICIOUS PROSECUTION.—*Pleading.*—*Sufficiency of Complaint.*— In an action for malicious prosecution begun by a *capias*, a complaint which alleges that the affidavit for *capias* was made maliciously and without probable cause is not defective because it does not also allege that the writ upon which the arrest was made was procured maliciously and without probable cause.

SAME.— *Voluntary Dismissal· of Action Complained of.*—*Evidence.*—Evidence explanatory of the voluntary dismissal of the action complained of is admissible on behalf of the defendant, and it is error to exclude it.

SAME.—*Evidence.*—Where the existence of the debt on which the alleged malicious prosecution was instituted was in controversy, it is error to refuse to permit the defendant to testify that a settlement had been made prior to the institution of the suit, in which it was agreed by the parties that the plaintiff was indebted to the defendant.

From the Madison Circuit Court.

*H. D. Thompson* and *A. C. Carver*, for appellant.

*E. B. Goodykoontz* and *G. M. Ballard,* for appellee.

CRUMPACKER, J.—This suit was commenced by John Houck against William A. Swindell to recover damages for the alleged malicious prosecution of a civil action by the latter against the former.

The complaint alleges, in substance, that the plaintiff resided in Marion county, and the defendant in Madison county; and on the 29th day of December, 1888, the plaintiff was in Madison county, and on said day the defendant "maliciously, and without probable cause, commenced an action against the plaintiff on a pretended account, claiming that the said plaintiff was indebted to him in the sum of one hundred and ninety-nine and $\frac{18}{100}$ dollars, before De Witt C. Hupp, a justice of the peace for Monroe township, Madison county, in the State of Indiana; and on said day the defendant falsely, maliciously, and without probable cause, made an affidavit for a *capias ad respondendum*, alleging that the plaintiff was indebted to him, and that the plaintiff was about to come into the county of Madison and State of Indiana, and that he was so coming into said county for the purpose of taking away from said county property subject to execution, and other means with which such debt might be paid, in whole or in part, with intent to delay his creditors, and thereupon procured a writ to be issued by said justice of the peace and placed in the hands of Francis Maynard, an acting constable " of said township.

It is further alleged that plaintiff was arrested upon such writ, and taken before said justice, and the cause was continued to the 23d day of February, 1889, when the trial was entered upon; and after some evidence had been heard the defendant dismissed his said action, and the plaintiff was discharged from custody, and that in consequence of such proceedings the plaintiff was put to great expense, his business was interrupted, and he was humiliated and disgraced, all to his damage to the amount of one thousand dollars.

A demurrer was filed to the complaint and overruled, and the cause was put at issue by an answer of the general denial.

The trial resulted in a verdict for the plaintiff, and the defendant moved for a new trial, which was denied, and judgment rendered upon the verdict.

Swindell v. Houck.

The first alleged error discussed by appellant's counsel challenges the sufficiency of the complaint to withstand the demurrer. It is insisted that the complaint is deficient, because it does not aver that the appellant maliciously, and without probable cause, procured the writ to issue upon which the arrest was made. The right of action was complete upon the filing of the complaint and affidavit, without probable cause, and with malice, and it was unnecessary to aver that the writ was so issued. This precise question was settled adversely to the appellant in the cases of *Schoonover* v. *Reed*, 66 Ind. 598, and *Ruston* v. *Biddle*, 43 Ind. 515.

These cases unquestionably declare the correct rule, and are entitled to our continued adherence.

The next assignment of error relates to the decision of the trial court upon the motion for a new trial, and involves mainly the rejection of alleged competent and material evidence.

It was shown by the evidence that appellant had had some business transactions with the appellee relative to cutting and sawing logs in Madison county, and he claimed that the appellee owed him the sum of $199.18, growing out of such transactions.

A short time prior to the commencement of the action before the justice the appellant was informed that appellee would soon be in Madison county, to collect a sum of money due him from one Marley, and he instituted the suit, and filed the affidavit, for the *capias*, on the day appellee came into said county. The trial of that case was postponed until sometime in February, 1889, and at the trial appellant conceived it to be necessary to prove the facts set out in his affidavit for *capias*, and for the purpose of proving the fact that the appellee, when the writ issued for his arrest, had a considerable sum of money on his person, asked him upon the trial if he had not received, and if he did not have, such money. Appellee had been duly sworn as a witness, and his counsel objected to the

examination on the ground that the defendant in "a criminal proceeding" could not be required to give evidence against himself. The objection was sustained by the justice. After some evidence had been heard by the justice, appellant voluntarily dismissed his case.

Upon the trial of the case at bar the appellee was permitted to testify that he was not indebted to the appellant when the justice suit was instituted. He admitted that he had the sum of $129 on his person when he was arrested, but said he intended to pay his taxes with the money, and denied any purpose or intention of cheating or delaying his creditors. Appellant was allowed to testify that the appellee did owe him about $200 at the time the justice proceeding was commenced, and that he was informed that appellee was to receive a large sum of money on that day, and that he commenced such proceedings without malice, and for the purpose of collecting what he thought was honestly due him.

In answer to a proper question, appellant offered to testify that he dismissed the suit before the justice because he was unable to prove that the appellee had means with which he might have paid the debt on the day the writ was issued, because of the absence of Marley, who would have testified to such fact, but who was out of the county, and he chose to dismiss the case rather than continue it. This evidence was excluded. Marley testified upon the trial below that he paid appellee the sum of $400 on the day he was arrested, and this was not denied.

Appellant offered to prove, also, by two competent witnesses, in answer to proper questions, that they were present at and assisted in making a settlement between the parties "a few weeks or months" before the justice suit was begun, in which settlement it was found and agreed that the appellee was indebted to the appellant in the sum of $198.18, but the evidence was excluded.

Appellee testified at the trial that no such settlement was had.

The only evidence of malice and want of probable cause, aside from the commencement and voluntary dismissal of the justice suit, was, that appellee denied being indebted to appellant, or that he was about to leave Madison county, taking with him property or means with intent to delay his creditors, and the further facts that he was solvent, and was engaged in business in the city of Indianapolis.

In cases for malicious prosecution the burden is with the plaintiff, and to authorize a recovery it is necessary for him to prove the commencement of the proceedings complained of through malice and without probable cause, and that such proceedings terminated in his favor.

Malice may be inferred from the absence of probable cause, but the latter can never be inferred from the former. It is scarcely necessary to say that one is not liable for damages for every unsuccessful prosecution of a criminal or civil proceeding. If it were otherwise, honest citizens would be deterred from attempting to maintain the laws, and worthy suitors would be prevented from seeking relief in the courts for what they reasonably and honestly might consider just demands.

Where one with no improper motive, but actuated by the honest and reasonable conviction of the justice of his claim, brings suit against another and fails, he is not answerable for damages above the taxable costs.

In the case in hand the voluntary dismissal of the proceedings before the justice was an important circumstance, tending to prove want of probable cause, and indirectly to establish the existence of malice. These were vital questions in the case, and we know of no reason why the appellant ought not to have been permitted to give his explanation of this damaging circumstance.

While the facts contained in the affidavit for a *capias ad respondendum* are not issuable or traversable before the jus-

tice, if the appellant honestly believed they were, and dismissed the suit because of the absence of a witness by whom he expected to prove them, his explanation should have gone to the jury for their consideration.

We are of the opinion, also, that the court erred in excluding the testimony of the witnesses upon the question of the settlement.

While one may be liable for suing out a writ of *capias ad respondendum* maliciously and without probable cause, even where the defendant is indebted to him, yet in this case the existence of the debt was in controversy, and to some extent at least furnished the basis upon which the appellant sought to justify his conduct.

The fact of the existence of the debt was not a collateral question, but one directly involved in the issues, and upon which the parties had the right to call other witnesses. *Burt* v. *Place*, 4 Wend. 591 ; *Besson* v. *Southard*, 10 N. Y. 236 ; 2 Greenleaf Ev., section 457.

The court erred in refusing a new trial, for which error the judgment is reversed, at appellee's costs.

Filed Oct. 16, 1891.