No. 267.

ROBERTS ET AL. *v.* KENDALL.

EVIDENCE.—*Declarations of One of Several Conspirators.*—*Malicious Prosecution.*—In an action for malicious prosecution, wherein the defendants were charged with having confederated together for the purpose of procuring the indictment and conviction of the plaintiff upon a charge of arson, statements made by one of the conspirators, in the absence of the others, and after the termination of the trial for arson in plaintiff's favor, to the effect that he had been induced to testify falsely, are admissible against the one making the statement, but not against the other conspirators; and it is error for the court, upon the request of such other conspirators, to refuse so to charge the jury, though in the ruling upon the admission of evidence the law was stated correctly.

From the Hamilton Circuit Court.

*T. J. Kane, T. P. Davis* and *J. A. Roberts*, for appellants.
*R. R. Stephenson* and *W. R. Fertig*, for appellee.

NEW, J.—This was an action by the appellee against the appellants for alleged malicious prosecution. The complaint, in substance, averred that the appellants, in March, 1887, maliciously and without probable cause, having combined and confederated together for that purpose, procured the grand jury of Hamilton county to return an indictment against the appellee upon a charge of arson; that he was arrested and gave bond for his appearance in the Hamilton Circuit Court to answer said charge in said court; that subsequently such proceedings were had in said cause that he

was fully acquitted, and finally discharged from said prosecution ; that he was damaged by said prosecution in the sum of $5,000, for which he asks judgment.

Upon a general denial to the complaint, there was a trial by jury, with a verdict and judgment for the appellee against the appellants for $800.

All the questions discussed by counsel arise on alleged error of the court in overruling the motion of the appellants for a new trial. The reasons assigned for a new trial are numerous. Those to which counsel give attention we will now proceed to notice.

John Griffin, one of the appellants, was a witness for the State in the criminal prosecution for arson against the appellee. Upon the trial of the case at bar, the appellee and others called as witnesses for him, were permitted, over the objection of the appellants Roberts and Haworth, to testify to statements made by said Griffin in the absence of Roberts and Haworth, after the trial and acquittal of the appellee upon the charge of arson, that all he (Griffin) had testified to, in the said criminal prosecution against the appellee, was false, and that he was hired and paid by Roberts and Haworth to give said testimony against the appellee.

Roberts and Haworth objected to the testimony of some of the witnesses who were allowed to so testify, on the ground that it was not responsive to any issue in the case, was hearsay, and was in no way competent as against them, said statements of Griffin being made in their absence and after the trial and acquittal of the appellee in the criminal case.

The court remarked, when such testimony was permitted to be given by two of said witnesses, that it was competent as against Griffin himself and, therefore, admissible, and in another instance said the evidence was not competent against Roberts and Haworth, but was against Griffin, and, therefore, should be admitted.

Other witnesses called for the appellee gave the same kind of testimony, over like objections from Roberts and Ha-

worth, the same being permitted by the court without any expression from the court as to whether it was, or not, competent evidence against them.

Afterwards, at the proper time, Roberts and Haworth asked the court to give the following instructions to the jury:

" 1. Any statements, declarations, admissions or confessions that may have been made by John Griffin, in the absence of Roberts and Haworth, since the termination of the prosecution of Levi Kendall, can not be considered by you as against Roberts and Haworth.

" 2. The alleged statements made by John Griffin, in the absence of Roberts and Haworth, since the termination of the prosecution against Levi Kendall, to the effect that he had been induced by Roberts and Haworth, or either of them, to testify falsely on the Kendall trial, can not be considered by you as against Roberts and Haworth."

Instructions were given by the court upon its own motion, but none of them embraced or in any way charged the jury upon the point covered by the instructions asked by Roberts and Haworth.

The court did not err in admitting the testimony objected to, for it was competent as against Griffin himself, but the court did err in refusing to give the instructions numbered one and two asked by Roberts and Haworth.

It is averred in the complaint that the appellants combined and confederated together to procure the indictment and prosecution of the appellee upon a charge of arson. Such is the theory of the complaint, and the theory upon which the case was tried as shown by the record.

The principle on which the acts and declarations of one conspirator are admitted in evidence against the other conspirators, is, that by the act of conspiring or confederating together, the conspirators have jointly assumed to themselves, as a body, the attribute of individuality, so far as constitutes the prosecution of the common design, thus rendering what-

ever is said or done by any one, in furtherance of that design, a part of the *res gestæ*, and therefore the act of all.

It is settled that when a conspiracy is once established, and until the consummation of the object in view, if the conspiracy last that long, every act and declaration of one conspirator, in pursuance of the original concerted plan, and in reference to and in furtherance of the common object, even in the absence of others, is, in contemplation of law, the act and declaration of all, and is, therefore, original evidence against each. All are deemed to assent to, or commend what is said or done by any one in furtherance of the common project. *Ford* v. *State,* 112 Ind. 373 ; *Moore* v. *Shields,* 121 Ind. 267.

But the existence or nature of a conspiracy can not be established by the acts or declarations of one conspirator in the absence of the others, unless the acts or declarations were in themselves in execution or for the promotion of the common design. *Clawson* v. *State,* 14 Ohio St. 234.

The declarations which are admissible are those which are made between the beginning and ending of the conspiracy, for the promotion of the common criminal or evil purpose. If the conspiracy has not yet been formed, or if it has ended by the consummation of the wrongful design, admissions or narrations of what has taken place are not admissible against those who were not present when the admissions were made. This rule is based upon familiar elementary principles of the law and sound reason. See *Ford* v. *State, supra ; Moore* v. *Shields, supra ; McKee* v. *State,* 111 Ind. 378; *People* v. *Parker,* 67 Mich. 222; *Johnson* v. *Miller,* 63 Iowa, 529 ; *State* v. *Weaver,* 57 Iowa, 730 ; *Estes* v. *State,* 23 Tex. App. 600 ; *Armstead* v. *State,* 22 Tex. App. 51 ; 3 Greenleaf Ev., section 94.

The indictment and conviction of the appellee of the charge of arson was the object of the conspiracy. This failed, and the conspiracy must be held to have ceased when the object to be accomplished failed.

Roberts *et al. v.* Kendall.

The instructions to which we have referred, asked by Roberts and Haworth, related, as has been seen, to rehearsals by certain witnesses of declarations made by Griffin, one of the alleged conspirators, after the conspiracy or confederation was at an end, and in the absence of Roberts and Haworth.

The latter were entitled to an explicit statement from the court addressed directly to the jury that no part of said testimony was admissible against them. It was not sufficient, in our opinion, that the court, in ruling upon the objections made in two or three instances, said that the testimony was not competent as against Roberts and Haworth, but was as to Griffin.

Jurors may hardly be expected to give that close attention to the rulings of the court upon the admissibility of evidence that they would to directions or instructions intended for and expressly addressed to them.

We think the court should have given one or the other of the two instructions asked by Roberts and Haworth. It can not be ·safely said that the failure to do so was, under the circumstances, harmless error.

Other instructions asked by Roberts and Haworth were refused, and other questions relating to the evidence are discussed, but we do not think it necessary to further extend this opinion, inasmuch as upon another trial the same questions will not necessarily or probably arise.

The judgment is reversed as to the appellants Roberts and Haworth, and affirmed as to the appellant Griffin.

Filed Dec. 10, 1891.