Filed April 9, 1895.

---

No. 1,324.

### ROBERTS ET AL. *v.* KENDALL.

INSTRUCTIONS TO JURY.—*Assuming a Fact in Issue to be Proven.*—It is not error, in instructing the jury, to assume a fact as proven, as to which the evidence is not conflicting and is undisputed.

MALICIOUS PROSECUTION.—*Probable Cause.—Law and Fact.*—In an action for malicious prosecution, it is for the jury to determine whether certain facts exist, but whether the facts proved or assumed do or do not constitute probable cause is a question of law which it is the duty of the court to decide.

SAME.—*Probable Cause.—Instruction.—Singling Out Only Part of Facts Tending to Prove Probable Cause.*—In such case, it was error for the court to single out certain facts tending to, or offered for the purpose of showing probable cause, and upon such isolated parts tell the jury that if they find the defendants did not honestly believe, or have reason to believe, it to be true, no probable cause existed for the

prosecution, where there is other evidence tending to prove a state of facts which, if found to be true, would constitute probable cause.

From the Hamilton Circuit Court.

*R. K. Kane, T. J. Kane, J. A. Roberts* and *M. Vestal,* for appellants.

*W. Fertig* and *H. J. Alexander,* for appellee.

Ross, J.—This is the second time this cause has been appealed to this court. *Roberts* v. *Kendall,* 3 Ind. App. 339.

The questions urged on this appeal all arise under the court's ruling on the motion for a new trial and relate specially to instructions given and refused.

It is very earnestly insisted that instructions Nos. 11 and 12 are erroneous, because the court assumes to state what is proven by the evidence. The fact which the court says was proven was that the appellee had been tried and found not guilty of the charge, which is the basis of this action. There was no error in this, for the evidence is not conflicting, and is undisputed that appellee was acquitted of the crime charged.

Instruction No. 12, given by the court, reads as follows: "If you find from the evidence that before the commencement of the prosecution, the defendants, Roberts and Haworth, had full knowledge of the facts contained in the affidavit of said Griffin read in evidence, on this trial, and that they honestly believed, and had reason to believe, that the statements contained in said affidavit were true, and had no reason to believe the contrary, then there was probable cause to institute the criminal proceedings, but if said defendants did not honestly believe said affidavit to be true, but believed, or had reason to believe, that the same was false, and that the facts therein contained were fabricated by said Griffin, then there was not probable cause for such prosecution,.

and, if the same was instituted maliciously, your finding should be for the plaintiff.''

We think the court erred in giving this instruction.

The authorities are all agreed that whether the facts proved or assumed, do or do not constitute probable cause, is a question of law which it is the duty of the court to decide. *Pennsylvania Co.* v. *Weddle,* 100 Ind. 138, and cases cited.

But it is for the jury to determine whether or not certain facts exist.

By this instruction the court told the jury that if the defendants did not honestly believe, or had no reason to believe, the statements contained in the affidavit, then there was not probable cause for the prosecution. The court thus singles out from the evidence certain parts tending to or offered for the purpose of showing probable cause and upon such isolated parts tells the jury that if they find the defendants did not honestly believe or have reason to believe it to be true, no probable cause existed for the prosecution. If the affidavit referred to was the basis of the prosecution and all of the evidence introduced tending to show probable cause, the instruction might not be subject to criticism, but there is other evidence tending to prove a state of facts which, if found to be true, would constitute probable cause. The court wholly ignores this evidence, and, in effect, tells the jury that the only basis for the prosecution and from which they had a right to say the defendants had or had not probable cause for the institution thereof arises from whether or not they honestly believed or had reason to believe the statements contained in the affidavit.

There were other facts and circumstances which might fairly be found and inferred from the evidence which would have constituted probable cause, as well as an

honest belief or reason for believing the truthfulness of the statements contained in the affidavit.

For the error of the court in giving the twelfth instruction the judgment will have to be reversed.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.

DAVIS, J., did not participate in the decision of this case.

Filed Oct. 17, 1894; petition for a rehearing overruled April 25, 1895.