## SMITH ET AL. v. GRAVES.

[No. 8,394. Filed January 19, 1915. Rehearing denied April 16, 1915.
Transfer denied May 13, 1915.].

1. APPEAL.—*Jurisdiction.*—*Briefs.*—*Record.*—Where the facts disclosed by the briefs and record on appeal disclose a question as to the court's jurisdiction of the appeal, that question must be determined .before the merits can be considered, although not presented by a motion to dismiss. p. 58.

2. JUDGMENT.—*Final Judgment.*—*Appeal.*—A final judgment from which an appeal will lie is one that disposes of all the issues, as to all the parties, to the full extent of the power of the court to dispose of the same.· p. 58.

3. APPEAL.—*Parties.*—Where the jury finds against certain defendants and in favor of others, the latter are neither necessary nor proper parties to an appeal from the judgment on such verdict. p. 58.

4. MALICIOUS PROSECUTION.—*Joint Tortfeasors.*—*Liability.*—The liability of a number of persons in procuring a malicious prosecution is several, without any right of contribution that can be enforced as between them, though they may be sued jointly or separately, and a satisfaction of the claim for damages obtained from one or any number of such persons terminates all liability against the others. p. 59.

5. MALICIOUS PROSECUTION.—*Joint Tortfeasors.*—*Liability.*—*Judgment.*—*Appeal.*—Where a person injured by a malicious prosecution procured by three persons elects to bring his action against the parties jointly, he can obtain no other legal satisfaction for the alleged wrong than that afforded ˙by the judgment he obtains in such action, even though such judgment is based on a verdict against only two of the defendants without a finding for or against the third, and, since in view of the nature of their liability none of the defendants affected by the verdict can complain that it was · not also against their co-defendant, the rule in actions on contract, that a verdict against part of the defendants without a finding either for or against the others is a nullity, does not apply; hence the judgment rendered in such case, like judgments in other cases, is presumptively valid, and is a final judgment from which an appeal will lie. pp. 60, 62.

6. TRIAL.—*Findings.*—*Verdict.*—*Venire de Novo.*—The rule, where the facts are specially found, that all issues and material facts not found will be adjudged against the party who had the burden of proving them, so as to defeat a motion for *venire de novo* on the ground of a failure to find some material fact, or a

failure to find for or against some of the defendants, has no application in cases where the facts are not specially found, so that in the latter instance a verdict that is not a finding on all the issues to be tried is defective, and subject to a motion for a *venire de novo*.   p. 60.

7.   APPEAL.—*Review.*—*Parties.*—*Dismissal.*—In an action against three defendants for malicious prosecution, where the verdict and judgment were against two of the defendants without a finding either for or against the third, an appeal taken by each of the three must be dismissed as to the third, since there was no judgment from which he could appeal.   p. 62.

8.   MALICIOUS PROSECUTION.—*Complaint.*—*Sufficiency.*—If a complaint for malicious prosecution shows the institution of the prosecution by the filing of the affidavit or complaint maliciously and without probable cause, it need not allege that defendants maliciously and without probable cause procured a warrant to be issued for plaintiff's arrest and that they followed up and continued such prosecution.   p. 64.

9.   MALICIOUS PROSECUTION.—*Complaint.*—*Sufficiency.*—A complaint for malicious prosecution alleging facts to show that plaintiff had been prosecuted by defendants, that in so doing they acted maliciously and without probable cause, that the prosecution was terminated by·plaintiff's acquittal and final discharge, and that he had been damaged by such prosecution, states a cause of action.   p. 65.

10.   MALICIOUS PROSECUTION. —*Joint Tortfeasors.* — *Trial.* — *Evidence of Other Prosecutions by One Defendant.*—In an action against three defendants for malicious prosecution, evidence that one of the defendants had instituted other prosecutions against the plaintiff was admissible against such defendant as tending to show malice and want of probable cause on his part, and his codefendants were not harmed by the admission of such evidence in view of an instruction to the jury limiting its application to the one defendant.   p. 65.

11.   MALICIOUS PROSECUTION.—*Damages.*—*Evidence.*—*Fee Paid in Defending Prosecution.*—In an action for malicious prosecution evidence of the amount of attorney's fees plaintiff was required to pay in defending against the prosecution is competent as affecting the amount of damages, and its admissibilty is not affected by the question of whether the amount was reasonable or otherwise, though evidence upon that question is also competent.   p. 66.

12.   APPEAL.— *Review.*— *Refusal of Instructions.*— Where the instructions given covered all questions at issue under every phase of the evidence, there was no error in refusing other instructions.   p. 66.

13. APPEAL.—*Review.*—*Instructions.*—Where each of three paragraphs of complaint in an action for malicious prosecution stated a cause of action against all the defendants, an instruction that if the evidence established all the material allegations of either of such paragraphs the finding should be against all the defendants, was not erroneous, especially since the instructions given are to be considered together, and the court by other instructions advised the jury that it might find against such defendant, or defendants, only as the evidence warranted. p. 66.

14. APPEAL.—*Review.*—*Evidence.*—*Verdict.*—*Excessive Damages.*—Although the evidence in an action for malicious prosecution was sharply conflicting on many issuable facts, the verdict for plaintiff can not be disturbed, either on the evidence or on the ground that the damage awarded was too large, where there was evidence to sustain the verdict, and the amount awarded was not such as to warrant the court in holding that it was excessive. p. 67.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Warren W. Graves against Mortimer Smith and others. From a judgment for plaintiff, the defendants appeal. *Appeal dismissed* as to appellant Ned Kocher, and *judgment affirmed* as against the others.

*Frank D. Butler* and *Lawrence & Rhodes,* for appellants.
*Reasoner & Ward,* for appellee.

FELT, J.—This is a suit by appellee, Warren W. Graves, against appellants Mortimer Smith, Levi Bowser, and Ned Kocher, to recover damages for alleged malicious prosecution of appellee on a charge of bribing a voter at the election in 1908. The complaint was in six paragraphs on which issues were joined against all the defendants by general denial. The case was tried by a jury and resulted in a verdict as follows: "We the jury, find for the plaintiff, Warren W. Graves, against the defendants Mortimer Smith, Levi Bowser, and we assess plaintiff's damages at one thousand dollars." Appellants Smith and Bowser filed a joint and several motion for a new trial. All the appellants thereafter filed motion for a *venire de novo,* which was overruled by the court and excepted to by the defendants. There-

upon the court overruled the motion for a new trial to which the "defendants each separately and severally excepted". Appellants Smith and Bowser separately and severally moved to arrest the judgment, which motion was overruled and "the defendants each separately and severally excepted".

Thereupon the court rendered judgment as follows: "It is now therefore ordered, adjudged, and decreed by the court that the plaintiff have and recover of and from the defendants Mortimer Smith and Levi Bowser the sum of $1,000 as damages herein, to which adjudgment of the court said defendants separately and severally excepted." The record shows that each of the defendants prayed and was granted an appeal. The appeal bond recites that Smith and Bowser have taken an appeal from the judgment of $1,000 rendered against them in favor of appellee. Error has been separately assigned in this court by each of the three appellants.

No motion has been filed to dismiss the appeal, but the foregoing facts are shown both by the briefs and by the record. The question of the court's jurisdiction of the appeal must therefore be determined before the merits of the appeal can be considered.

The record suggests the question, Is there a final judgment from which an appeal lies? The jury did not find either for or against Mr. Kocher, and no judgment was rendered either for or against him. A final judgment is one that disposes of all the issues, as to all the parties involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same. *Wehmeier* v. *Mercantile Banking Co.* (1912), 49 Ind. App. 454, 456, 97 N. E. 558; *Barnes* v. *Wagener* (1907), 169 Ind. 511, 514, 82 N. E. 1037; *Crow* v. *Evans* (1912), 178 Ind. 661, 662, 100 N. E. 8. When several persons are defendants and the jury finds for part and against part of such defendants, on

appeal by the defendants against whom judgment was rendered, the defendants who obtained a verdict and judgment in their favor are neither necessary nor proper parties to the appeal. *Town of. Windfall City* v. *First Nat. Bank* (1909), 172 Ind. 679, 686, 87 N. E. 984, 89 N. E. 311; *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273, 276, 82 N. E. 1051; *Hubbard* v. *Burnett-Lewis Lumber Co.* (1912), 51 Ind. App. 97, 99, 98 N. E. 1011. But the foregoing proposition is only relatively important here for the reason that there is no judgment either for or against Mr. Kocher.

The action is in *tort* and appellee can have but one satisfaction for the damages, if any, sustained by him. The liability of the appellants as *tortfeasors* is several and the suit may be maintained against all, or one, or any number of them. There is no right of contribution that can be enforced as between such defendants or persons liable for the same *tort*. A satisfaction of such claim for damages obtained from one or any number of such defendants or persons so liable for the same *tort* ends all liability therefor as against any and all persons against whom liability might have been enforced before such satisfaction was obtained. *American Express Co.* v. *Patterson* (1881), 73 Ind. 430, 436; *Baltes* v. *Bass, etc., Mach. Works* (1891), 129 Ind. 185, 188, 28 N. E. 319; *City of Valparaiso* v. *Moffitt* (1895), 12 Ind. App. 250, 253, 39 N. E. 909, 54 Am. St. 522. As a general rule, a joint tortfeasor against whom judgment has been rendered cannot complain that judgment was not also obtained against a coparty to the suit. 2 R. C. L. 234; *Burroughs* v. *Eastman* (1894), 101 Mich. 419, 59 N. W. 817, 45 Am. St. 419, 24 L. R. A. 859. While a person injured by joint tortfeasors may maintain separate suits against each person who aided in the commission of the tort, yet if he elects to sue them jointly and obtains a judgment in such action, he can not afterwards maintain separate suits against such persons, but is compelled to abide the result of such suit. In 2 Black, Judg-

ments (2d ed.) §780, it is stated: "The plaintiff who is injured by a tortious act shared in by several must elect whether he will prosecute them all in a joint action, or sue one or more separately. He can not do both." In *Sessions v. Johnson* (1877), 95 U. S. 347, 348, 24 L. Ed. 596, the court says: "Where a trespass is committed by several persons, the party injured may sue any or all of the wrong-doers, but he can have but one satisfaction for the same injury, any more than in an action of assumpsit for a breach of contract. Courts everywhere in this country agree that the injured party in such a case may proceed against all the wrongdoers jointly, or he may sue them all or any one of them separately; but if he sues them all jointly, and has judgment, he can not afterwards sue any one of them separately; or, if he sues any one of them separately, and has judgment, he can not afterwards seek his remedy in a joint action because the prior judgment against one is, in contemplation of law, an election on his part to pursue his several remedy."

In this case the appellee having elected to institute a joint action and having secured judgment, he must obtain his satisfaction for the alleged wrong by a judgment in such suit, or not at all by process of law. As supporting the foregoing propositions by analogy, we cite: *Baltes* v. *Bass, etc., Mach. Works, supra. Maple* v. *Cincinnati, etc., R. Co.* (1883), 40 Ohio St. 313, 48 Am. Rep. 685; 15 Cyc. 259. In determining whether the judgment in this case is a final judgment from which an appeal lies, we have given consideration to questions and decisions bearing only indirectly on the jurisdiction of the court to decide this appeal upon its merits. In some decisions the rule that all issues and material facts not found in a special verdict or a special finding will be adjudged against the party who had the burden of proving them was applied in cases where there was a general verdict, to defeat a motion for a *venire de novo* presented upon the ground

that there was a failure to find upon some of the issues of the case, or a failure to find for or against some of the defendants. *Alexandria Mining, etc., Co.* v. *Painter* (1891), 1 Ind. App. 587, 590, 28 N. E. 113; *Board, etc.* v. *Pearson* (1889), 120 Ind. 426, 430, 22 N. E. 134, 16 Am. St. 325. But in the more recent case of *Maxwell* v. *Wright* (1903), 160 Ind. 515, 67 N. E. 267, the subject is considered at length, the authorities reviewed and the conclusion reached that the rule has no application to cases where there is a general verdict, or a general finding. To the same effect is, *Douglas* v. *Indianapolis, etc., Traction Co.* (1906), 37 Ind. App. 332, 335, 76 N. E. 892. In *Maxwell* v. *Wright, supra,* the court states that the reason for the rule that a failure to obtain a finding is equivalent to a finding against the party having the burden of proving the issue or fact, is that a special finding is required to state all the facts that are proven by the evidence. In the same case, in discussing a general verdict, the court said: ''Hence, when the jury fails to find for the plaintiff or defendant on an issue between the parties, it is apparent from the verdict that the jury has stopped short of a full determination of the case, and the verdict is therefore ill and defective, and subject to a *venire de novo.*'' The converse of this rule must be true, that if the verdict and judgment show a full determination of the issues to be tried, and settle all the rights and liabilities of the parties to the suit, the verdict is not ill, and such judgment is a final judgment. In *Maxwell* v. *Wright, supra,* the suit was upon a note against three defendants and the execution of the note was in issue. A verdict against one of the defendants without a finding either for or against the others was held insufficient, and the Supreme Court ordered the motion for a *venire de novo* sustained. It also held that the plaintiff was entitled to have the question of the execution of the note determined as to all parties who had put it in issue, and that the trial was incomplete without it; that the verdict was not re-

sponsive to the whole case presented by the issues and was a nullity; that judgment could not be entered on a verdict which finds only on a part of the issues. The foregoing conclusions were right and clearly applicable to suits on contract. But the underlying principle, or reason of the rule announced is, that a part of the issue presented has not been determined, and the plaintiff has a right to a determination of all the questions presented by the issues.

In the case at bar, the plaintiff has had a full determination of the issues and is seeking to uphold the judgment. No right is left unsettled. He can have but one satisfaction of his claim for damages for the alleged wrong and can now enforce it in no other suit. The obligations of contracts and the right of contribution do not enter into the question where the suit is for damages against several persons for the same tort. The appellants can not complain that judgment was not also rendered against their codefendant, Kocher. The fact that there is a right of appeal and the possibility of a reversal does not change the situation since the presumption is in favor of the validity of the judgment rendered. The character of the judgment rendered can not be changed by presuming that it is invalid, that it will be reversed, that the case will be tried again and that complications may then arise as to the parties to the suit. For the purposes of this question, the judgment must be treated as the satisfaction of appellee's claim for damages. The attempt to make Kocher an appellant and to assign separate error in his behalf can not change the situation. There is no pretense of a judgment against him, from which he can appeal. The attempted appeal as to him is dismissed. We hold that there was no issue left untried, that the verdict against appellants, Smith and Bowser, was a complete determination of the whole case, and that the judgment rendered thereon is a final judgment from which an appeal lies.

The defendants to each paragraph of the complaint sep-

arately and severally demurred thereto for insufficiency of
the facts alleged to state a cause of action and the overrul-
ing of each of said demurrers is assigned as error. The
first three paragraphs are against appellant, Mortimer
Smith, only, and the fourth, fifth, and sixth are against all
of the appellants. Omitting introductory and formal aver-
ments about which no question is raised, the first paragraph
in substance charges that on February 11, 1910, appellant,
Smith, maliciously and without probable cause filed and
caused to be filed in the Miami Circuit Court an affidavit
wherein he maliciously and without probable cause, charged
appellee with the crime of bribery of an elector of Pipe
Creek Township of the county on November 3, 1908, when
appellee was a candidate for trustee of the township; that
on February 11, 1910, a bench warrant was issued on the
affidavit and directed to the sheriff of the county, in pursu-
ance of which appellee was arrested on the charge and taken
before the judge of the Miami Circuit Court; that he gave
bond for his appearance and in May, 1910, was publicly
tried on the charge by a jury and found not guilty; that
thereupon judgment was duly entered acquitting him of
the offense and the prosecution was thereby terminated in
his favor; that prior to the filing of the charge against him
he had always borne a good reputation for honesty, integ-
rity, and for being a lawabiding citizen in the community
where he resided; that accounts of his arrest on the charge
were published in four or five newspapers of general circu-
lation in the county and the same was extensively talked
about by his neighbors and acquaintances; that his arrest
caused him great mental worry, anguish, suffering and dis-
tress of mind, subjected him to public ridicule, humiliation
and disgrace, and damaged his good name and reputation,
and diminished his happiness; that he was compelled to and
did employ attorneys, for whose services he will be compelled
to pay $350. The second paragraph is substantially the
same as the first, except that copies of the publications are

set out in the paragraph. The third paragraph is the same as the first except it contains additional averments to the effect that the criminal prosecution was instituted against him by Smith, maliciously and vindictively for the purpose of harassing, vexing and distressing appellee and with the intent and purpose of wrongfully and unlawfully intimidating him and compelling him to give up his office of trustee of Pipe Creek Township and of causing him to expend money in his defense; that the prosecution was wrongfully, maliciously, and without probable cause, instituted, conducted, and carried on by Smith to final termination, for the purposes aforesaid. The fourth, fifth, and sixth paragraphs in their order, are similar to the first, second, and third, except the charges are made against Smith, Bowser, and Kocher in each of the last three paragraphs, and in the sixth it is alleged that they conspired and acted together in the malicious prosecution of appellee.

The objections urged against the several paragraphs of complaint are that it is not sufficiently shown by the averments that the defendants to each of the paragraphs

8.    caused appellee to be prosecuted malciously and without probable cause; that maliciously, and without probable cause to file, or cause to be filed, against a person an affidavit, charging him with a crime is insufficient; that to make a good complaint it is necessary to allege that the defendant or defendants, maliciously and without probable cause therefor procured a warrant to be issued for his arrest on such charge, and to show that the defendants followed up and continued such prosecution. The appellants' contentions are not tenable. If the complaint shows the institution of the prosecution by the filing of the affidavit, or complaint, maliciously and without probable cause, it is unnecessary to repeat such allegations with reference to the issuance of process or a warrant, or as to any of the subsequent steps in the alleged prosecution. The complaint in each paragraph thereof shows that appellee had been pros-

ecuted by the defendant or defendants named in such paragraph; that in so doing they acted maliciously and without probable cause; that the prosecution had terminated by appellee's acquittal and final discharge; that he had been damaged by such prosecution. Each paragraph states a cause of action against the defendants named therein. *Ruston* v. *Biddle* (1873) 43 Ind. 515; *Coffey* v. *Myers* (1882), 84 Ind. 105, 107; *McCardle* v. *McGinley* (1882), 86 Ind. 538, 44 Am. Rep. 343; *Pennsylvania Co.* v. *Weddle* (1885), 100 Ind. 138, 143; *Swindell* v. *Houck* (1891)), 2 Ind. App. 519, 521, 28 N. E. 736; *Sasse* v. *Rogers* (1907), 40 Ind. App. 197, 199, 81 N. E. 590; *Jenner* v. *Carson* (1887), 111 Ind. 522, 13 N. E. 44.

Appellants have assigned error in overruling their motions for a new trial. The court permitted appellee to prove that appellant, Smith, had instituted other criminal prosecutions against him subsequent to the election in 1908. Appellants separately objected to this evidence as incompetent for any purpose, and that if competent against Smith, the court erred in not limiting its application to him. The cases relied on as showing the evidence incompetent, are criminal prosecutions and are not in point here. The evidence was competent under the issues, as tending to show malice and want of probable cause on the part of appellant, Smith. *Peden* v. *Mail* (1889), 118 Ind. 560, 562, 20 N. E. 446; *Shanks* v. *Robinson* (1892), 130 Ind. 479, 30 N. E. 516; *Keesling* v. *Doyle* (1893), 8 Ind. App. 43, 45, 35 N. E. 126; *Freese* v. *State* (1903), 159 Ind. 597, 600, 65 N. E. 915; *Dye* v. *State* (1891), 130 Ind. 87, 29 N. E. 771; *Tucker* v. *Hyatt* (1898), 151 Ind. 332, 337, 51 N. E. 469, 44 L. R. A. 129; *Musser* v. *State* (1901), 157 Ind. 423, 442, 61 N. E. 1. Inasmuch as the court by instruction No. 15 given at the request of appellee limited the application of this evidence to appellant, Smith, neither of the appellants has cause to complain of its admission in evidence. *Roberts* v. *Kendall*

(1891), 3 Ind. App. 339, 343, 29 N. E. 487; *Eppert* v. *Hall* (1892), 133 Ind. 417, 420, 31 N. E. 74, 32 N. E. 713.

The court permitted appellee to prove the amount he was obligated to pay as attorney's fees in defending himself against the alleged malicious prosecution. Such evidence has been held competent as affecting the amount of damages. If the appellants believed the amount to be excessive or unreasonable, doubtless they would have the right to show such facts by competent evidence, but that would not affect the question of the admissibility of the evidence. *Walker* v. *Pittman* (1886), 108 Ind. 341, 345, 9 N. E. 175; *Noll* v. *Smith* (1879), 68 Ind. 188, 190; *Ziegler* v. *Powell* (1876), 54 Ind. 173, 178. In this case, the court instructed the jury, that in case it found for appellee, in assessing his damages, it might consider the amount the evidence showed him obligated to pay for attorney's fees, and, if it believed such sum to be reasonable, it should be made a part of the damages awarded appellee.

Errors based on the giving and refusal of instructions are discussed by appellants. The court gave thirty-eight instructions tendered by appellee, thirty-five tendered by appellants and refused four tendered by appellants. There was no error in refusing instructions for those given covered all the questions at issue under every phase of the evidence.

It is urged that instruction No. 1 given at the request of appellee is erroneous in telling the jury that if the evidence established all the material allegations of either the fourth or fifth or sixth paragraphs of the complaint, it should find against all the defendants. The instruction is not erroneous for each of the paragraphs states a cause of action against all the defendants. The instructions are to be considered together. By instruction No. 6 given at the request of appellee, the jury was told in substance that to find for the plaintiff, it was not necessary that it should believe that all of the defendants maliciously

and without probable cause instituted the alleged criminal prosecution against plaintiff, but that it would be warranted in finding against one or more of the defendants if it found from the evidence that either one or more of such defendants instituted said prosecution maliciously and without probable cause and that the same had terminated favorably to appellee. By this and other instructions, the jury was informed that it might find against such defendant, or defendants, only as the evidence warranted and it was fully instructed as to the proof necessary to sustain the allegations of the complaint and warrant a recovery.

The question of conspiracy suggested by the .sixth paragraph of complaint was not pursued and neither side requested an instruction on that subject.

The instructions on the subject of malice and probable cause are in harmony with the decisions in this State and especially with the more recent decisions. The instructions as a whole correctly informed the jury as to the law of the case and fully set forth every right of appellant under the issues and the evidence. A careful reading of the several instructions given convinces us that no error prejudicial to appellants was committed and that the law as stated to the jury is supported by authority. *Indianapolis Traction, etc., Co.* v. *Henby* (1912), 178 Ind. 239, 97 N. E. 313; *Cleveland, etc., R. Co.* v. *Dixon* (1912), 51 Ind. App. 658, 96 N. E. 815; *Pontius* v. *Kimble* (1914), 56 Ind. App. 144, 104 N. E. 981; *Henderson* v. *McGruder* (1912), 49 Ind. App. 682, 98 N. E. 137; *Hutchinson* v. *Wenzel* (1900), 155 Ind. 49, 56 N. E. 845; *Lawrence* v. *Leathers* (1903), 31 Ind. App. 414, 68 N. E. 179.

There is evidence tending to support the verdict and the amount of damages awarded is not such as to warrant this court in holding that it is excessive. *Pontius* v. *Kimble, supra.* The evidence on many vital, issuable facts, was sharply conflicting. Much of it tended strongly to support the allegations of the complaint. The

evidence relating to the controversy about the school, about the removal of appellee from the office of trustee, concerning threats to put him to trouble and expense, and the institution of criminal prosecutions against him, is sufficient, if believed, not only to warrant a finding for appellee, but to justify the assessment of punitive damages. The evidence tends strongly to show that appellee had been put to great trouble, that he had been greatly annoyed and that he had incurred a liability of $350 in employing attorneys to defend him in the trial of the criminal case against him which lasted several days.

There is evidence to support the verdict rendered. The court did not err in overruling either the motion for a *venire de novo* or the motion in arrest of judgment. No reversible error is presented. The appeal is dismissed as to appellant, Kocher, and the judgment against appellants, Smith and Bowser, is affirmed. ·

NOTE.—Reported in 108 N. E. 168. As to what is necessary to support an action for malicious prosecution, see 12 Am. Dec. 265; 26 Am. St. 127. As to effect of judgment against one tortfeasor upon liability of the other, see 58 L. R. A. 410. Contribution between tortfeasors, see 2 Ann. Cas. 528; Ann. Cas. 1913 B 938. Action between joint tortfeasors on claim satisfied by and assigned to one of them, see 9 Ann. Cas. 519. See, also, under (1) 3 Cyc. 182; (2) 3 C. J. 441; 19 Cyc. 532; 2 Cyc. 586; (3) 3 C. J. 1007; 2 Cyc. 759; (4) 26 Cyc. 68; 38 Cyc. 488, 493, 490; (5) 38 Cyc. 490; 3 C. J. 462; 2 Cyc. 588; (6) 38 Cyc. 1877; (7) 3 C. J. 1007; 2 Cyc. 758; (8) 26 Cyc. 74; (9) 26 Cyc. 71; (10) 26 Cyc. 100, 91; 38 Cyc. 1446; (11) 26 Cyc. 102; 13 Cyc. 82; (12) 38 Cyc. 1711; (13) 38 Cyc. 1627, 1778; (14) 3 Cyc. 348, 380.